659 So.2d 713 (1995)
Ronda C. WEINSTOCK, Ph.D., Petitioner,
v.
Suzanne GROTH, Respondent.
No. 95-1173.
District Court of Appeal of Florida, Fifth District.
September 1, 1995.
*714 Francis H. Sheppard and Sharon K. Duncan of Rumberger, Kirk & Caldwell, P.C., Orlando, for petitioner.
Harry K. Anderson and J. Scott Murphy of Anderson, Murphy & O'Hara, P.A., Orlando, for respondent.
COBB, Judge.
The petitioner, Dr. Ronda C. Weinstock, seeks certiorari review of a trial court order allowing various discovery requests. Her principal argument is based upon the psychotherapist/patient privilege.
In February, 1991, the respondent, Suzanne Groth, filed a two-count complaint charging Dr. Weinstock, a clinical psychologist, with negligence and intentional infliction of emotional distress. According to her complaint, Groth sought psychotherapy and marriage counseling from Dr. Weinstock in 1985 and attended over 100 sessions, of which some were joint sessions with her husband, Robert Groth, and with her children. After declaring that the Groths were cured in May, 1986, Dr. Weinstock began an "intensely personal social relationship" with them. Groth later discovered that Dr. Weinstock was having an affair with Robert Groth.
Among other things, Suzanne Groth's complaint charged Dr. Weinstock with conflict of interest and breach of trust, causing her to suffer emotional and physical pain. In an earlier appeal, this court held, and the Florida Supreme Court subsequently agreed, that Groth was not required to comply with the pre-suit notice requirements of the Comprehensive Medical Malpractice Reform Act of 1985. Groth v. Weinstock, 610 So.2d 477 (Fla. 5th DCA 1992), approved, 629 So.2d 835 (Fla. 1993).
Weinstock later filed a separate lawsuit for defamation against Suzanne Groth, alleging that she has lost patients due to Groth's allegedly false statements about her to the effect that she has engaged in illicit sexual affairs with various people including patients, that she has acted grossly negligent in her practice and that she is incompetent to practice psychology. In count I of her amended complaint, which sounds in slander, Weinstock alleges that defamatory statements were made "to and in the presence of' her patients, as well as colleagues, associates and others. She further alleges that such statements were made to both patients and "prospective patients." In count II she alleges slander per se with regard to the statements regarding sexual affairs. In count III, which charges interference with business relationships, Weinstock alleges receiving inquiries from patients, prospective patients, colleagues, associates and others regarding Groth's slanderous statements. Weinstock further contends that those people have questioned her ability to practice psychology.
The trial court consolidated both lawsuits for purposes of discovery. After a hearing on various discovery matters, the trial court entered its order, which ruled as follows:
(1) overruled Weinstock's objections to Groth's request for admissions, numbers 1, 2 and 3, of January 12, 1995.

*715 (2) denied Weinstock's motion for protective order of February 10, 1995 concerning the deposition of Weinstock's daughter.[1]
(3) overruled Weinstock's objection to interrogatory number 1 of February 14, 1995.
(4) overruled Weinstock's objections to interrogatories 1, 2, 3, 6, 7, 8 and 11, of July 21, 1994.[2]
Weinstock now seeks certiorari review of the trial court's order.[3]
We find no departure from the essential requirements of law in regard to the first three categories enunciated above and deny certiorari review in respect thereto. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
We grant certiorari review in regard to Interrogatory Number 11 included in the fourth category. In that interrogatory, Groth seeks the name and addresses of any psychotherapists who have treated Weinstock in the past five years. Weinstock objected because the question is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence and because the psychotherapist-patient privilege was applicable.
Because Weinstock has not placed her mental condition at issue in her defamation lawsuit, she is entitled to assert the psychotherapist-patient privilege. Swift v. Swift, 617 So.2d 834 (Fla. 4th DCA 1993) (trial court departed in denying husband protective order to prevent wife's questioning of husband's psychiatrist regarding extramarital relationships where husband's mental condition is not in issue in dissolution); Schouw v. Schouw, 593 So.2d 1200 (Fla. 2d DCA 1992) (order compelling psychological evaluation of husband and release of husband's psychological records quashed because mere allegations that parent is mentally unstable is not sufficient to overcome psychotherapist-patient privilege). Compare Arzola v. Reigosa, 534 So.2d 883 (Fla. 3d DCA 1988) (order directing production of post-accident psychiatric treatment records proper since plaintiff sought damages for mental anguish). Moreover, Groth cannot overcome the privilege by claiming Weinstock's mental stability is at issue based on her own allegation that Weinstock had sexual intercourse with Robert Groth. See Palm Beach County School Bd. v. Morrison, 621 So.2d 464 (Fla. 4th DCA 1993) (defendant's assertion in sexual harassment case that his actions were reasonable and taken in good faith do not make defendant's mental health history an issue such that defendant waived psychotherapist-patient privilege).
Accordingly, we deny certiorari review except as to the aforesaid Interrogatory Number 11; we quash the trial court's order sustaining that interrogatory.
CERTIORARI REVIEW GRANTED IN PART AND OTHERWISE DENIED.
W. SHARP, J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, Judge, concurring specially.
I concur in the opinion of the majority, save in one respect. I don't think the mere identity of Weinstock's therapist, if there is one, invades the psychotherapist/patient privilege. Given the state of the pleadings, however, it is certainly irrelevant.
NOTES
[1] The court further ordered that the deposition was to be held at the Seminole County Courthouse on a hearing day of the trial judge.
[2] With regard to interrogatories 1, 2 and 3, which relate to Weinstock's other patients, the trial court further ruled that Weinstock, who is claiming inter alia interference with her psychology practice in her defamation action, must either "serve a notice of withdrawal of any claim for said damages or, in the absence of same, to respond to said Interrogatories."
[3] Interrogatory 7 is no longer at issue.