PER CURIAM.
Tampa Pipeline Corporation (Pipeline) seeks certiorari review of a pretrial discovery order entered by the circuit court requiring it to produce a variety of documents covering a seventeen-year period during which it and its predecessor corporation engaged in business with respondents CF Industries, Inc. (CF) and Farmland Hydro, Limited Partnership (Farmland) and their predecessors in interest. We have jurisdiction. Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Fireman’s Fund Ins. Co. v. Signorelli, 681 So.2d 720 (Fla. 2d DCA 1996).
The trial court, when entering the order, expressed misgivings about the breadth of the order, with which we agree. The court departed from the essential requirements of law, and accordingly we quash in part the order entered as it allows the party seeking discovery to require sweeping production of documents which, based on the record before us, could not lead to the discovery of admissible evidence.
In 1977 Pipeline’s predecessor, Tampa Bay Pipeline Company, constructed a pipeline for the original lessees, W.R. Grace & Co. and Royster Company, to transport anhydrous ammonia from shipping terminals on Tampa Bay to inland manufacturing plants in Polk County. CF and Farmland are successors in interest to the original lessees. Tampa Bay Pipeline Company merged into and is now a division of Pipeline. Pipeline is thus a successor in interest to the agreement and the lease.
Under the terms of the lease, payments are to be made to Pipeline, with provision for annual adjustments based upon changes in the cost of ad valorem taxes, gross receipts, insurance, labor, and other expenses. The complaint for declaratory relief filed by CF and Farmland challenges Pipeline’s right to adjust its annual rent charges for a variety of categories of costs, the most important of which appears to be the cost of relocating a segment of pipeline to accommodate the widening of a street in Hillsborough County. The dollar amount of the charges appears to be less at issue than the propriety of passing these charges along to the lessees.
CF and Farmland filed their first request for production which demanded documentation in eighty distinct categories dating back to 1979. They sought records from the original lessor, and from Tampa Pipeline Transport Company and PK Ventures, Inc., which are currently divisions of Pipeline but for most of the seventeen-year period were independent corporations with apparently no ties to the lease in question. CF and Farmland also sought information pertaining to the lease of another pipeline constructed by Tampa Pipeline Transport Company for one of CF’s competitors. At the time of the *582 execution of that lease, which the record does not disclose bears any resemblance to the one which is the subject of the litigation, Tampa Pipeline Transport Company was not a division of petitioner but was instead an independent corporation.
The Florida Supreme Court recently addressed discovery abuses in the context of expert physicians’ testimony in injury cases. Elkins v. Syken, 672 So.2d 517 (Fla.1996). The Elkins court observed that while the free flow of information provided in both our civil and criminal rules is the single greatest factor in the system’s ability to produce just results in judicial disputes, abuses in that system threaten to endanger the continued health of our overall open system of justice.
As a general proposition, certiorari relief will not be afforded by district courts from discovery orders unless the petitioner can establish material injury resulting in irreparable harm. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). The production of irrelevant materials, or those not likely to lead to admissible evidence, does not necessarily cause irreparable harm. However, our supreme court has recently reiterated that this rule will not prevent appropriate curtailing of overbroad discovery orders entitling a party carte blanche to discovery which has been affirmatively established to be irrelevant, or which will not lead to the discovery of relevant information. Allstate Ins. Co., 655 So.2d at 95. See also McMillan, D.M.D. v. McGill, 584 So.2d 185 (Fla. 2d DCA 1991).
We conclude that the discovery order in this case is the type of carte blanche order disapproved in Allstate, designed to require production of documents which have no bearing on any issues in the case. We are disturbed by the requirement that records from divisions of Pipeline be produced during a time in which these were independent corporations with no connection to the lease in question. Accordingly we quash those portions of the order addressing records of Pipeline which were developed by entities at a time in which they were not an asset of Pipeline. Only a subsequent showing by respondents that those records, including those related to the pipeline constructed for one of respondents’ competitors, may lead to admissible evidence in the dispute below will justify their access to them, and nothing in the record before the trial court, and before this court, to date has satisfied that obligation.
Because we quash the order of the trial court in part, we decline to address Pipeline’s argument that the court’s order requires a de facto accounting without a prior judicial determination of the claimant’s entitlement to it. See Peele v. Hibiscus Realty, Inc., 427 So.2d 273 (Fla. 2d DCA 1983).
Certiorari granted and discovery order of the trial court quashed in part.
THREADGILL, C.J., and SCHOONOVER and BLUE, JJ., concur.