707 So.2d 892 (1998)
Thomas J. PUSATERI, M.D., and Florida Eye Center, Sever & Ramsuer, P.A., Petitioners,
v.
Anna FERNANDEZ, as parent and natural guardian of Karina Fernandez, a minor, and Anna Fernandez, individually, Respondents.
No. 97-03693.
District Court of Appeal of Florida, Second District.
March 6, 1998.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for Petitioners.
Sara B. Mallard and Michael Trentalange of Michael Trentalange, P.A., Tampa, for Respondents.
DANAHY, Acting Chief Judge.
Petitioners seek certiorari review of an order compelling them to produce certain documents. We grant the petition and quash the order.
Respondents filed a medical malpractice action alleging that petitioners, the ophthalmologist who performed the eye surgery and the entity for whom he was an agent or employee, negligently failed to timely evaluate and treat complications from the surgery. Respondents served their complaint with a discovery request seeking production of all records regarding all patients that petitioners saw during the years 1992 through 1997 whose diagnosis or treatment included one of six items listed. The request allowed petitioners to redact all patient identifying data from the files produced. After a hearing on petitioners' objections to the discovery, the *893 trial court ordered production of the documents, but shortened the applicable time period to three years.
Respondents rely upon Amente v. Newman, 653 So.2d 1030 (Fla.1995), to support their assertion that the documents requested are relevant to notice, causation, and impeachment. In Amente, the doctor being sued for malpractice stated that he had followed the same delivery method for his morbidly obese obstetrical patients for some time without complication and that he did not believe his method caused the injury. Id. at 1032-33. The plaintiff suggested that if the doctor had not used the same method with similar patients or if others had suffered injury when the doctor had used the same method, then the information would be relevant to show causation, to show the doctor had notice that the method was deficient, or for impeachment. Id. The supreme court held that the trial court did not abuse its discretion in ordering discovery regarding the doctor's treatment of similarly obese obstetrical patients under the circumstances described. Id. at 1033.
Discovery should be denied when it has been established that the information requested is neither relevant to any pending claim or defense nor will it lead to the discovery of admissible evidence. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995); Richard Mulholland & Assocs. v. Polverari, 698 So.2d 1269, 1270 (Fla. 2d DCA 1997). Petitioners in this case have made no statements such as those made by the doctor in Amente, but have merely denied the allegations in the complaint and asserted affirmative defenses. Although respondents may be able to justify access to the documents later in the litigation, the record at this time fails to support their production. See Tampa Pipeline Corp. v. CF Indus., Inc., 693 So.2d 580, 582 (Fla. 2d DCA 1997).
Accordingly, we grant the petition for certiorari and quash the order under review.
CAMPBELL and THREADGILL, JJ., concur.