817 So.2d 915 (2001)
The STATE of Florida, Petitioner,
v.
David FAMIGLIETTI, Respondent.
No. 3D01-1158.
District Court of Appeal of Florida, Third District.
June 27, 2001.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for petitioner.
*916 Carl J. Mecke, Hollywood, for respondent.
Before SCHWARTZ, C.J., SORONDO, J., and NESBITT, Senior Judge.
SORONDO, J.
The State of Florida petitions for a writ of certiorari to quash a pre-trial order of the circuit court ordering the production for in camera review of the psychiatric records of the alleged victim in this case. We grant the petition.
The state filed an eight count Information charging David Famiglietti (defendant) with attempted first degree murder, armed kidnaping, tampering with a witness, aggravated battery on a law enforcement officer (two counts), aggravated fleeing or attempting to elude a law enforcement officer after accident and causing injury or damage, reckless driving and resisting an officer with violence. Defendant entered a plea of not guilty and chose to participate in discovery. Thereafter, he filed a motion for issuance of a subpoena duces tecum requesting production of the alleged victim's psychiatric records. The state responded that the disclosure would violate the psychotherapist-patient privilege set forth in section 90.503, Florida Statutes (2000). Preliminary to ruling on the request for production, the trial court granted an in camera review of the victim's records. The state argues that the order is a departure from the essential requirements of law. We agree.
In State v. Pinder, 678 So.2d 410 (Fla. 4th DCA 1996), the Fourth District Court of Appeal addressed the issue of disclosure of communications protected by section 90.5035, Florida Statutes (1995), the sexual assault counselor-victim privilege. The court said:
Disclosure of material protected by section 90.5035 undermines the reasons for the privilege. The privacy of communications makes the protected relationship meaningful and effective. Routine disclosure of counseling confidences would discourage those in need from seeking help or from using counseling to its maximum benefit. Even in camera disclosure to the trial judge (and to court reporters, appellate courts and their staff) `intrudes on the rights of the victim and dilutes the statutory privilege.'

Id. at 415 (quoting State v. J.G., 261 N.J.Super. 409, 619 A.2d 232, 237 (App.Div.1993))(emphasis added). The court went on to conclude that
In light of the policy values behind the privilege, the dangers of lenient disclosure and the availability of broad pretrial discovery, a defendant must satisfy a stringent test to justify in camera disclosure of privileged matters. To obtain in camera review of confidential communications or records under section 90.5035, a defendant must first establish a reasonable probability that the privileged matters contain material information necessary to his defense. ... Only then may a trial court conduct an in camera hearing to determine if, in fact, the privileged communications contain such information.
Id. at 417, 619 A.2d 232. See also Katlein v. State, 731 So.2d 87 (Fla. 4th DCA 1999). We agree with our sister court and find the same analysis applicable to section 90.503. We turn now to a review of the specific facts of the present case.
Defendant filed an unverified motion that is brief and unsubstantial. The four paragraphs that are relevant to our discussion read as follows:
3. The victim has a long history of psychiatric counseling. ...

*917 4. Undersigned counsel, during the course of preparing this matter for trial, has received information from several sources that [the victim] has a history of returning to the home appearing as though she had been beaten and claiming that she had been beaten by several black males. [The victim] denies the above, other than stating she lied once and told that story to the Doctor after the Defendant ... had beaten her on a prior occasion. In addition, there are several other issues upon which counsel has received information contrary to [the victim's] testimony on deposition.
5. Defendant maintains his innocence and the information contained therein is potentially either exculpatory evidence, goes to the credibility of the victims's testimony or is necessary information toward the preparation of the Defendant's defense.
6. Further, Defendant is entitled to explore all information that is likely to lead to material evidence. ...
We conclude that defendant's motion is facially insufficient to require disclosure of the alleged victim's psychiatric records even for an in camera review, because it does not "establish a reasonable probability that the privileged matters contain material information necessary to his defense." Pinder, 678 So.2d at 417.
We begin our analysis of defendant's motion by discounting paragraphs three and six. The fact that the alleged victim has a long history of psychiatric treatment is irrelevant to any defense even arguably claimed by defendant,[1] and, as Pinder clearly holds, defendant is not entitled to explore all information that is likely to lead to material evidence.
The general allegations contained within paragraph four are inadequate to satisfy the requirements of Pinder for disclosure of the materials requested. Defense counsel does not identify the source of his information concerning the alleged victim's "history" of reported beatings by unknown black males, nor does he set forth what information he has received concerning unknown issues that is contrary to unknown parts of the alleged victim's deposition testimony. As concerns the alleged victim's admission that she lied to her psychiatrist about a prior incident of domestic violence, we begin by noting that the incident in question is not related to the present charges. If the prior incident is not going to be a part of the present litigation, its relevance could be too attenuated to justify a piercing of the privilege at issue. On the other hand, if the state wishes to introduce this prior violence by way of section 90.404(2)(a), Florida Statutes (2001), the so-called Williams[2] rule, the alleged statement might well be relevant to a determination of whether an in camera inspection of the records requested is appropriate. The motion, however, does not address this issue.
Finally, paragraph five sheds little additional light on the subject. It is couched in general terms claiming that the information contained in the desired records is "potentially either exculpatory evidence, goes to the credibility of the victim's testimony or is necessary information toward the preparation of Defendant's defense." The exact nature of the potentially exculpatory evidence is not identified, nor is there any indication of what defense *918 the desired information will foster. In short, the motion is conclusory in nature, says little beyond its expressed desire to view the records in question, and amounts to little more than a general request to conduct a fishing expedition through the alleged victim's confidential records.
The law in this area provides little guidance as to the level of specificity required of a motion such as the one here at issue. In this regard, we find the request for disclosure in this case to be analogous to a criminal defendant's motion to compel disclosure of the state's confidential informant. It has long been the law of Florida that "the state `has a limited privilege to withhold the identity of a confidential informer....'" State v. Zamora, 534 So.2d 864, 867 (Fla. 3d DCA 1988)(quoting State v. Hassberger, 350 So.2d 1, 2 (Fla.1977)(emphasis added)). "It is equally well settled in Florida that this limited privilege must give way under certain compelling, but narrow circumstances." Zamora, 534 So.2d at 867. Without getting into an in-depth discussion of this area of law, one of those circumstances is when disclosure of the informant's identity is relevant and helpful to the defense of an accusedthe grounds that are alleged in the present case for piercing the privilege in question.
As concerns this aspect of the informant disclosure analysis, Florida law holds that in certain circumstances "the trial court is ... required to order the state to produce the confidential informant for the court's in camera review to determine if the subject informant is a helpful witness to the defense being raised by the defendant." Zamora, 534 So.2d at 868. In explaining when a trial court can order such an in camera hearing this Court said:

To invoke an in camera hearing, a defendant must file a sworn motion or affidavit alleging facts concerning the informant's involvement which, if true, would support the possibility of a specific asserted defense. The defendant need not allege all the elements of the defense; it is sufficient that the defense is possible in light of the alleged facts. Alternatively, the defendant's burden is met if the necessary facts are apparent from other evidence. When it appears that a defendant may have a valid basis to invoke an in camera hearing, he is entitled to the opportunity to file a sworn affidavit alleging sufficient facts. The materiality of the informant's testimony to the defense can be established in an in camera hearing, thereby sustaining the higher burden to show the need for disclosure.
State v. Acosta, 439 So.2d 1024, 1027 n. 2 (Fla. 3d DCA 1983) (citations omitted)(emphasis added); see also Zamora. If this procedure has been deemed necessary in order to pierce the state's limited privilege against disclosure of its confidential informants for an in camera hearing, we believe it is equally appropriate before piercing a private individual's similarly limited privilege.[3] Accordingly, we hold that Pinder's requirement that defendant "establish a reasonable probability that the privileged matters contain material information necessary to his defense," must be established by way of a motion that satisfies the pleading requirements defined above.
We quash the lower court's order. The defendant is free to file a new, legally *919 sufficient motion that will identify his defense and specifically explain how the requested materials will assist him in the presentation of that defense.[4]
Certiorari granted.
NOTES
[1] The parties do not appear to disagree that the alleged victim has suffered several family tragedies that have challenged her emotional endurance. There is no suggestion, however, that she is incompetent to testify or that her mental faculties are in question.
[2] Williams v. State, 110 So.2d 654 (Fla.1959).
[3] In Katlein, the Fourth District, discussing its previous decision in Pinder, explained that section 90.5035 provides an absolute privilege "because the statute contains no exceptions." Katlein, 731 So.2d at 89. Section 90.503 contains three exceptions within its text and an additional one in section 456.059, Florida Statutes (2001). It is therefore a limited privilege.
[4] The original request sought disclosure of the alleged victim's entire psychiatric records, which span the past ten years. On remand, if the lower court decides that defendant's new motion is sufficient to warrant an in camera inspection, only those parts of the records that are temporally relevant to the defense should be reviewed.