834 So.2d 198 (2002)
Neil E. PAUKER, M.D., Petitioner,
v.
Lynne OLSON, Respondent.
No. 2D01-4588.
District Court of Appeal of Florida, Second District.
August 30, 2002.
*199 David R. Cassetty of O'Connor, Chimpoulis, Restani, Marrero & McAllister, P.A., Coral Gables, for Petitioner.
Ronald P. Weil of Aragon, Burlington, Weil & Crockett, P.A., Miami, for Respondent.
DANAHY, PAUL W., Senior Judge.
Petitioner, Neil E. Pauker, M.D., seeks certiorari review of an order of the trial court compelling him to produce certain documents. We grant the petition as to respondent's requests 2, 10, 11, 12, and 13, and we quash the order as to these particular requests for documents. Otherwise, we deny the petition.
Respondent, Lynne Olson, sued petitioner for medical malpractice, alleging medical negligence for engaging in a sexual relationship with respondent while she was a patient. The complaint also alleged a breach of fiduciary duty in that petitioner disclosed to others respondent's confidential psychiatric information. Respondent served petitioner with a first request for production of documents that contained fifteen specific requests. Petitioner objected to the requests, and the trial court, in the order on review, overruled petitioner's objections *200 and ordered petitioner to produce all responsive documents. The requests sought information regarding either petitioner or his patients, current and former, including respondent.
"[R]eview by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Certiorari review is also appropriate where the discovery material "could be used to injure another person or party outside the context of the litigation," and where it is protected by privilege. Id. In the present case, requests 2, 10, 11, 12, and 13 sought medical or patient records of either petitioner himself or his patients. Regarding patient records, this court has held that "[d]iscovery should be denied when it has been established that the information requested is neither relevant to any pending claim or defense nor will it lead to the discovery of admissible evidence." Pusateri v. Fernandez, 707 So.2d 892, 893 (Fla. 2d DCA 1998).
Respondent's second request sought "[a]ll documents which evidence, relate, or pertain to any prescription drug which you [petitioner] consume or have taken or consumed." Petitioner objected that "the information sought is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence." We agree and, on the rationale of Pusateri, quash that portion of the trial court's order which mandates compliance with this request. This request is so broad that it would require disclosure of every childhood medication that petitioner had ever taken. We noted in Pusateri that "respondents may be able to justify access to the documents later in the litigation" even though the record did not support it at that time. Id. at 893. It appears unlikely in this case that respondent could ever justify such a broad request.
The tenth request sought "[a]ll documents which evidence, relate, or pertain to [petitioner's] treatment by any mental health counselor, psychologist, or psychiatrist for any mental or emotional condition." The request included, but was not limited to, communications with such professionals, their evaluations or diagnoses, and any related insurance claims. Petitioner filed written objections to requests 10, 11, 12, and 13 on the grounds that "the information sought is irrelevant, immaterial, and [not] calculated to lead to the discovery of admissible evidence. Further, the information sought is privileged." In his motion for rehearing, petitioner cited to section 90.503, Florida Statutes (2001), the psychotherapist-patient privilege.[1] That section states that a patient has a privilege to refuse to disclose confidential communications or records made for the purpose of diagnosis or treatment. The privilege may be claimed by the patient and by the psychologist on the patient's behalf. In regard to the tenth request, petitioner is asserting the privilege as the patient.
In Weinstock v. Groth, 659 So.2d 713 (Fla. 5th DCA 1995), Groth, the former patient, sued Weinstock, the psychologist, for intentional infliction of emotional distress for Weinstock's alleged affair with Groth's husband. In an interrogatory, Groth sought the names and addresses of any psychotherapists who had treated *201 Weinstock in the past five years. Weinstock objected on the basis that the question was irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Weinstock also claimed the psychotherapist-patient privilege. Additionally, Weinstock later filed a separate suit alleging defamation against Groth. The court held that because Weinstock had not placed her mental condition at issue in the defamation lawsuit, she was entitled to assert the psychotherapist-patient privilege. Accordingly, the court quashed the interrogatory. In the present case, because petitioner has not placed his mental condition at issue in the lawsuit, we grant certiorari review and quash that portion of the trial court's order that compels petitioner to comply with the tenth request.
Respondent argued in her response to the petition that petitioner's challenge to the tenth request is moot because, after the petition was filed, the trial court indicated in a subsequent order that petitioner was to produce in camera the items requested in 10, 11, 12, and 13. However, in a criminal case the Third District has held that in order to obtain in camera review of privileged items under section 90.503, a defendant must first, by sworn motion, establish a reasonable probability that the privileged matters contain material information necessary to his defense. State v. Famiglietti, 817 So.2d 915, 26 Fla. L. Weekly D1601 (Fla. 3d DCA June 27, 2001) (citing to State v. Pinder, 678 So.2d 410 (Fla. 4th DCA 1996)). Thus, based on Famiglietti, in the present case, to obtain an in camera review of petitioner's mental health records, respondent, at the very least, would have to show that the records are relevant to a pending claim or defense. However, under Weinstock, the material is only discoverable if petitioner places his mental condition at issue. Therefore, we conclude that in order to obtain in camera review of petitioner's mental health records, respondent must first establish that petitioner has placed his mental condition at issue.
In request 11, respondent sought "[a]ll documents which evidence, relate, or pertain to the identity of all patients to whom you have provided professional services and their corresponding addresses." The supreme court has held that privileged records of a nonparty are discoverable where they may lead to admissible evidence and the nonparties' names are stricken. See Amente v. Newman, 653 So.2d 1030 (Fla.1995). In the present case, the purpose of respondent's request is to obtain the names of petitioner's patients; thus, it would be impossible to comply with the request and strike the names. We therefore quash that portion of the trial court's order compelling petitioner to comply with this request. Furthermore, since the names of petitioner's patients are not discoverable under Amente, an in camera review would serve no purpose in this case.
In request 12, respondent sought "[a]ll documents which evidence, relate[,] or pertain to the identity of any patient or former patient with whom you have had or now have a sexual or romantic relationship." Respondent here seeks the individual names of a particular class of petitioner's patients. We quash that portion of the trial court's order compelling petitioner to comply with this request. Although the details of the relationships, if any, may not be privileged under section 90.503, the names of the patients clearly are, since they were disclosed for the purpose of diagnosis or treatment. Again, because the names of the patients are not discoverable, the trial court may not conduct an in camera review in regard to this request.
In request 13, respondent demanded "[a]ll documents which evidence, relate[,] *202 or pertain to correspondence authored by you or received from any former or current patient." The names of the current or former patients are privileged under section 90.503, and any correspondence relating to diagnosis or treatment would also be privileged. § 90.503(2). We cannot consider such a broad-based and onerous request to be relevant to a pending claim or defense. We therefore quash that portion of the trial court's order compelling petitioner to comply with this request. Because we conclude that the information sought is not relevant to a pending claim or defense, respondent is not entitled to an in camera review of the materials.
Accordingly, we grant certiorari in part and quash those portions of the order of the trial court compelling petitioner to comply with requests 2, 10, 11, 12, and 13. In all other respects, we deny certiorari.
Certiorari granted in part; otherwise, denied.
WHATLEY and COVINGTON, JJ., Concur.
NOTES
[1] Apparently, petitioner's attorney was ten minutes late for the hearing on his objections to the request for documents, and the trial court had ruled already and would not hear petitioner's arguments.