PER CURIAM.
Linda Sue Faulkner and Commercial Carrier Corporation seek certiorari review of a non-final order granting Respondent’s motion to compel production of Faulkner’s mental health records, allowing Respondents to depose Faulkner’s mental health providers and requiring Faulkner to answer deposition questions regarding her mental health treatment. The parties agree that the information sought falls under the psychotherapist-patient privilege.[1] However, the trial court accepted Respondent’s argument that Faulkner had waived the privilege by voluntarily disclosing significant parts of the privileged matters or communications and compelled production of the otherwise privileged information.[2] We disagree and quash the order on review.
On two occasions, Faulkner sought to delay her deposition. As good cause for that delay, she explained in her motions that she suffered from post-traumatic stress disorder, which was being treated with two mental health care providers, following an admittedly horrific traffic crash. Attached to those motions were letters from one of the mental health providers substantiating her assertions. Contrary to the position advocated by Respondents, this did not put her mental state in controversy. Faulkner never made her mental state a material element of any claim or defense. Nor do we believe that Faulkner’s motions, or her admission at deposition that she had been prescribed an antidepressant, constitute a waiver of the privilege. Certainly no communication between Faulkner and her mental health providers was disclosed, and we do not believe that the limited disclosure made was in any way significant. Accordingly, we issue the writ and quash the order on review.
CERTIORARI GRANTED; ORDER QUASHED.
PETERSON, ORFINGER and TORPY, JJ., concur.

. § 90.503, Fla. Stat. (2004).

. § 90.507, Fla. Stat. (2004).