987 So.2d 778 (2008)
Susan WEBB, Petitioner,
v.
DOLLAR TREE STORES, INC., Respondent.
No. 3D08-1032.
District Court of Appeal of Florida, Third District.
July 30, 2008.
Andrew C. Barnard, Miami, for petitioner.
Walton Lantaff Schroeder & Carson LLP and Bernard I. Probst and Lazaro C. Rodriguez and Leticia G. Coleman, Miami, for respondent.
Before SHEPHERD and SALTER, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
Because the plaintiff did not plead and has otherwise unequivocally renounced any claim for mental anguish or mental pain and suffering arising from the accident in issue, the trial court order requiring that her psychiatric records be produced for its in camera inspection ran directly afoul of the psychotherapist-patient privilege created by section 90.503, Florida Statutes (2007), and therefore must be quashed. See Bandorf v. Volusia County Dep't of Corr., 939 So.2d 249 (Fla. 1st DCA 2006); Garbacik v. Wal-Mart Transp., LLC, 932 So.2d 500 (Fla. 5th DCA 2006); Commercial Carrier Corp. v. Kelley, 903 So.2d 240 (Fla. 5th DCA 2005); Byxbee v. Reyes, 850 So.2d 595 (Fla. 4th DCA 2003); Partner-Brown v. Bornstein, 734 So.2d 555 (Fla. 5th DCA 1999); cf. Scheff v. Mayo, 645 So.2d 181 (Fla. 3d DCA 1994) (granting certiorari to quash an order denying discovery of plaintiff's psychiatric records when plaintiff sought damages for mental anguish). See generally State v. Famiglietti, 817 So.2d 901 (Fla. 3d DCA 2002) (en banc) (applicable privilege may not be violated even by requiring in camera inspection), *779 review dismissed, 838 So.2d 528 (Fla.2003); Pauker v. Olson, 834 So.2d 198, 201 (Fla. 2d DCA 2002) ("[I]n order to obtain in camera review of petitioner's mental health records, respondent must first establish that petitioner has placed his mental condition at issue."); State v. Pinder, 678 So.2d 410, 415 (Fla. 4th DCA 1996) ("Even in camera disclosure to the trial judge (and to court reporters, appellate courts and their staff) `intrudes on the rights of the victim and dilutes the statutory privilege.'" (quoting State v. J.G., 261 N.J.Super. 409, 619 A.2d 232, 237 (1993), cert. denied, 133 N.J. 436, 627 A.2d 1142 (1993))); Cebrian v. Klein, 614 So.2d 1209, 1210-11 (Fla. 4th DCA 1993) (certiorari lies to quash an order compelling an in camera inspection which is "neither necessary nor appropriate to determine whether a report is entitled to the protection of the statute").
Certiorari granted.