993 So.2d 182 (2008)
Suzanne WILDER, Petitioner,
v.
Maurice WILDER and Wilder Corporation of Delaware, a Delaware corporation, Respondents.
No. 2D08-453.
District Court of Appeal of Florida, Second District.
November 7, 2008.
*183 O. Stephen Thacker of Thacker & Smitherman, Clearwater; Raymond J. Rafool and A.J. Barranco, Jr. of Barranco & Kircher, P.A., Miami, for Petitioner.
Arnold D. Levine and Robert H. Mackenzie of Levine, Hirsch, Segall, Mackenzie & Friedsam, P.A., Tampa, for Respondent Maurice Wilder.
No appearance for Respondent Wilder Corporation.
PER CURIAM.
Suzanne Wilder, the wife, seeks certiorari relief from the trial court's nonfinal order which granted the motion of the husband, Maurice Wilder, to compel the wife to respond to an interrogatory. Because we conclude that the wife has failed to demonstrate that the trial court departed from the essential requirements of the law, we deny the petition.

I. Background

Two days prior to the wedding of the parties in 1998, the husband presented a prenuptial agreement to the wife which she signed. During the parties' dissolution action, the wife filed a petition for declaratory relief to determine the validity *184 of the prenuptial agreement. In that petition, the wife argued that the prenuptial agreement was invalid because it was procured through coercion, duress, fraud, misrepresentation, deceit, and overreaching.
The husband then filed interrogatories including one interrogatory seeking the names, businesses, home addresses, and business and home telephone number of every M.D., D.O., dentist, and mental health professional whom the wife had consulted from January 1, 1997, forward. The wife objected to this interrogatory on the grounds that she had not placed her medical condition at issue and that the interrogatory was overbroad, burdensome, oppressive, and not likely to lead to admissible, relevant evidence. The husband then filed a motion to compel arguing that the wife had indeed placed her emotional state and mental condition prior to the execution of the prenuptial agreement in issue and therefore that she should be required to answer the interrogatory. The wife responded to the motion by reasserting that she had not placed her medical condition at issue and that the request was overbroad, burdensome, oppressive, and not likely to lead to admissible, relevant evidence. In addition, the wife asserted that her medical and mental health communications and records were confidential and privileged pursuant to section 90.503(2), Florida Statutes (2007), which deals with the psychotherapist-patient privilege, and section 456.057(7), Florida Statutes (2007), which relates to the confidentiality of patient medical records.
After a hearing on the husband's motion to compel, the trial court granted the motion.
In her petition for writ of certiorari, the wife argues that the requested information is privileged because it "would convey confidential information regarding [the wife's] health." The wife contends that her assertion that she was under emotional distress prior to signing the prenuptial agreement did not put her physical or mental health at issue. The wife also argues that she would not need to rely on any medical or mental health professional's testimony in order to prove her claim that the prenuptial agreement was invalid.
The husband argues that neither the psychotherapist-patient privilege nor physician-patient confidentiality applies in this case because he is not seeking the substance of the communications between the wife and medical or mental health professionals.

II. Analysis

A. Certiorari Standard

"Certiorari review `is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.'" Harley Shipbuilding Corp. v. Fast Cats Ferry Serv., LLC, 820 So.2d 445, 448 (Fla. 2d DCA 2002) (quoting Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995)). Discovery of certain types of information may cause material injury of an irreparable nature, including "cat out of the bag" material that could be used to injure another person or party outside the context of the litigation as well as material protected by privilege. Langston, 655 So.2d at 94. "When an order directs disclosure of information that is allegedly privileged, `[t]he next question is whether the order departs from the essential requirements of law.'" Coates v. Akerman, Senterfitt & Eidson, P.A., 940 So.2d 504, 506 (Fla. 2d DCA 2006) (quoting Estate of Stephens v. Galen Health Care, Inc., 911 So.2d 277, 279 (Fla. 2d DCA 2005)).

*185 B. Contact Information for Medical and Mental Health Professionals Is Protected by Neither the Psychotherapist-Patient Privilege nor Physician-Patient Confidentiality

Florida's psychotherapist-patient privilege is set forth in section 90.503(2), which provides that "[a] patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition. . . between the patient and the psychotherapist.. . ."
Here, the husband is not seeking any "confidential communications or records made for the purpose of diagnosis or treatment." Rather, he is seeking the contact information for any medical or mental health professionals whom the wife may have consulted. Such information does not fall within the scope of the psychotherapist-patient privilege.
The psychotherapist-patient privilege protects the substance of communications between a psychotherapist and a patient so that the patient can be more forthright with the psychotherapist. See In re August, 1993 Regular Grand Jury (Clinic Subpoena), 854 F.Supp. 1375, 1377 (S.D.Ind.1993). Protection of identifying information has no such therapeutic goal, and thus, "identifying information is less worthy of protection than detailed psychological history or thoughts." Id.
Federal courts have refused to extend the psychotherapist-patient privilege to the identities of patients or mental health care providers; instead, the privilege is applied only to protect the communications between such parties. See Schier v. Outback Steakhouse of Fla., Inc., No. Civ.A.SA05C0A689XR, 2006 WL 1149152 at *1 (W.D.Tex. April 24, 2006) (holding that privilege does not extend to the names of mental health providers or dates of treatment); Merrill v. Waffle House, Inc., 227 F.R.D. 467, 471 (N.D.Tex.2005) (same); Santelli v. Electro-Motive, 188 F.R.D. 306, 310 (N.D.Ill.1999) (same); Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 230 (D.Mass.1997) (holding that while substance of communications is privileged, facts regarding the very occurrence of psychotherapy, such as dates of treatment, are not); In re August, 1993 Regular Grand Jury (Clinic Subpoena), 854 F.Supp. at 1376 (holding that psychotherapist-patient privilege does not cover information which merely identifies patient).[1]
We recognize that in Weinstock v. Groth, 659 So.2d 713, 715 (Fla. 5th DCA 1995), a case involving an interrogatory similar to the interrogatory at issue here, the Fifth District granted certiorari review and held that the circuit court erred by requiring Weinstock to answer the interrogatory "[b]ecause Weinstock ha[d] not placed her mental condition at issue[,] [and thus,] she [wa]s entitled to assert the psychotherapist-patient privilege." Id.
The Weinstock court misapplied the privilege when it extended it to protect mere contact information. The Weinstock court's reliance on other cases to support the application of the privilege to contact information is misplaced. The cases relied on in Weinstock involved parties who *186 sought either to question the opposing party's mental health professionals about the substance of communications or to obtain the release of the opposing party's psychotherapy records themselves. See Weinstock, 659 So.2d at 715 (relying on Schouw v. Schouw, 593 So.2d 1200 (Fla. 2d DCA 1992); Swift v. Swift, 617 So.2d 834 (Fla. 4th DCA 1993)). A request for mere contact information is of a much different nature than a request for the substance of communications or for records containing such communications. Consequently, the cases relied on by the Weinstock court do not support the extension of the privilege to contact information.
We therefore certify conflict with the Weinstock opinion to the extent that it holds that the psychotherapist-patient privilege automatically applies to protect the contact information of mental health professionals.
Similarly, we conclude that the confidentiality of patient records protected in section 456.057(7)(a) is inapplicable where a party seeks merely the contact information for any medical professional whom the opposing party has consulted. Section 456.057(7)(a) restricts the disclosure of medical records and the discussion of "the medical condition of a patient." The interrogatory at issue here does not seek information within the scope of this statutory provision.

III. Conclusion

Accordingly, we hold that neither the psychotherapist-patient privilege nor physician-patient confidentiality applies to protect mere contact information for medical or mental health professionals. The wife has not established that the trial court departed from the essential requirements of law when it granted the husband's motion to compel. We therefore deny the wife's petition.
Denied; conflict certified.
SILBERMAN and LaROSE, JJ., Concur.
CANADY, CHARLES T., Associate Judge, Concurs in result only.
NOTES
[1] Similarly, in cases involving the attorney-client privilege, with few exceptions, "the identity of a client is not privileged." In re State Attorney's Office Investigative Subpoena Dated November 2, 1983, 444 So.2d 592, 594 (Fla. 2d DCA 1984); see also Eastern Air Lines, Inc. v. Gellert, 431 So.2d 329, 331 (Fla. 3d DCA 1983) (holding that where Gellert sought names and addresses of parties whom attorney called long-distance, attorney-client privilege was not implicated).