619 So.2d 467 (1993)
Caroline SYKES, a minor, by and through her parents and next friends, Philip SYKES, and Martha Sykes, and Philip Sykes and Martha Sykes, individually, Petitioners,
v.
ST. ANDREWS SCHOOL, Brian Douchette, Robert Douchette, Lorraine Douchette and Tom Sugalski, Respondents.
No. 93-0724.
District Court of Appeal of Florida, Fourth District.
June 9, 1993.
Ronald E. D'Anna of Mattlin & McClosky, Boca Raton, for petitioners.
Richard T. Kilgore of Powers & McNalis, Lake Worth, for respondents-Robert Doucette and Lorraine Doucette.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for respondent-St. Andrews School.
Charles H. Damsel, Jr., of Damsel & Gelston, P.A., West Palm Beach, for respondent-Thomas Sugalski.
HERSEY, Judge.
Petitioner, Martha Sykes, seeks certiorari review of an order requiring her to sign medical authorizations which permit the defense to obtain her psychiatric records and to depose her former psychotherapists.
In the underlying action, petitioner, her husband and their daughter, filed suit against St. Andrews school and a number of individuals seeking damages for batteries and sexual batteries alleged to have been committed against the daughter. The complaint asks for damages for substantial emotional harm to the daughter. Originally the complaint also sought recovery for emotional and mental harm to petitioner, the mother, but this claim was later abandoned.
Before petitioner abandoned her own claim for mental distress she was examined without objection by a defense psychiatric expert, and subsequently her attorneys deposed the defense expert. The defendants thereafter filed a motion to compel petitioner to sign medical authorizations to permit the defendants to obtain her previous psychiatric records and to depose her former psychotherapists. At the hearing on this motion defendants argued that they were entitled to depose petitioner's psychotherapists and obtain her psychiatric records because she had made a claim for emotional damages in the complaint. Defendants also contended that the information was *468 necessary to their defense, because in view of the conclusions of the defense psychiatric expert based on his examination of petitioner, the defendants were going to contend that the injuries suffered by the daughter were "the result of a dysfunctional childhood and her mother's emotional problems, not the alleged rapes."
Petitioner's attorney made it clear at the hearing that the plaintiffs were abandoning any claim of emotional harm to petitioner, stating inter alia of that claim: "I am abandoning it. I'll state that unequivocally for the record. I'm limiting my damages to what the Sykes' have to pay to make [the daughter] whole." Accordingly, argues petitioner, her psychotherapist/patient privilege should prevail, as she was no longer relying on her mental condition as an element of her claim or defense in the case. When the trial court asked the defense how they could get past the privilege, defense counsel replied:
Because he's [petitioner's counsel] going to have a chance with this Motion in Limine. He's plead [sic] this for two years now. I don't believe now on the eve of trial we should be denied this discovery in South Carolina. We are not going to get back there again and have another opportunity. It can be held out of trial. He has his Motion in Limine. It's not fair now after two years to say we cannot get information relating to allegations they have pled.
The trial court granted the motion.
Petitioner contends that the trial court departed from the essential requirements of the law in compelling discovery of information protected by the psychotherapist/patient privilege, which is spelled out in section 90.503, Florida Statutes (1991).
The psychotherapist/patient privilege:
[I]s based on the recognition that a patient of a psychologist is expected to `bare his or her soul' and reveal matters of a private nature in order to receive help, but will not do so if the psychologist can be compelled to reveal these innermost thoughts and confidences on the witness stand.
Compare Cantor v. Toyota Motor Sales, USA, Inc., 546 So.2d 766, 767 (Fla. 5th DCA 1989) (mother's statements to her psychologist concerning her daughter's mental condition were protected by psychotherapist/patient privilege in action arising from auto accident involving daughter in which only the daughter's mental condition was put at issue).
Respondents rely upon another portion of the statute to support the order under review. The pertinent statutory provision from section 90.503 states:
(4) There is no privilege under this section:
... .
(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of his claim or defense.
Thus, it appears that the statutory privilege does not apply if a patient in an action relies on his mental or emotional condition as an element of his claim or defense, but the burden rests on the party seeking to depose a psychotherapist to show that the patient has introduced his mental condition as an issue in the case. See Cantor; see also Yoho v. Lindsley, 248 So.2d 187, 192 (Fla. 4th DCA 1971).
As an alternative position respondents argue that petitioner waived the psychotherapist/patient privilege by voluntarily submitting to a mental examination by a defense expert, then deposing that expert. The specific provision upon which respondents rely is contained in rule 1.360 of the Florida Rules of Civil Procedure. That provision, 1.360(b)(2), provides:
(2) By requesting and obtaining a report of the examination so ordered or requested or by taking the deposition of the examiner, the party examined waives any privilege that party may have in that action or any other involving the same controversy regarding the testimony of every other person who has examined or *469 may thereafter examine that party concerning the same condition.
Petitioner initially placed her mental and emotional condition in issue by seeking damages for her own emotional distress. In doing so, she activated the waiver provisions of both the statute and the rule. The issue is whether such a waiver is irrevocable. There is a dearth of authority on this question.
One purpose of the waiver or exclusionary portions of the rule and the statute is to prevent a party from using the privilege as both a sword and a shield, that is, seeking to recover for damage to the emotions on the one hand while hiding behind the privilege on the other. It is beyond question that petitioner initially intended to put her mental condition in issue and to recover damages for her own emotional stress. She subsequently abandoned that attempt. Thus, her mental condition is no longer in issue except as respondents intend to make it so in furtherance of their own litigation strategy. Petitioner has dropped the sword. No damage has been done. The original examination and the expert's deposition are now irrelevant and immaterial to petitioner's claim for damages. Since the reason for piercing the shield of privilege no longer exists, the shield should again be available.
There is no residual effect from petitioner's earlier position that causes prejudice to the defense. Had she taken a voluntary nonsuit and filed a new complaint omitting any allegations as to her own mental distress, it seems fairly clear that the waiver provisions would not be operable in the new action. The fact that she simply abandoned that claim while proceeding with the initial action should not make a legal difference. In the context in which discovery is now sought petitioner is not making an issue of her own mental or emotional condition. For that reason we hold that the privilege has not been irrevocably waived.
We grant the petition for writ of certiorari and quash the order under review.
CERTIORARI GRANTED; ORDER QUASHED.
WARNER and KLEIN, JJ., concur.