734 So.2d 555 (1999)
Sherron PARTNER-BROWN, Petitioner,
v.
Mark BORNSTEIN, D.P.M., Respondent.
No. 99-733.
District Court of Appeal of Florida, Fifth District.
June 4, 1999.
*556 Charles R. Steinberg of Amari & Theriac, P.A., Cocoa, for Petitioner.
Richards H. Ford and Michael R. D'Lugo of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Orlando, for Respondent.
COBB, J.
The petitioner, Sherron Partner-Brown, seeks certiorari review of a trial court discovery order requiring the production of her psychiatric records. This arises in the context of a malpractice action wherein she, as plaintiff, is seeking recovery for various elements of damages including "great pain and suffering" and the loss of the "enjoyment of life." The complaint does not include a claim for "mental anguish." She asserts that her psychiatric records are protected from discovery by section 90.503, Florida Statutes (1997), which provides in relevant part:
A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition, including alcoholism and other drug addiction, between the patient and the psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
This statutes further provides:
There is no privilege under this section for communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense, or after the patient's death, in any proceeding in which any party relies upon the condition as an element of the parties' claim or defense.
The respondent, Mark Bornstein, a podiatrist, persuaded the trial court that Partner-Brown had placed her mental or emotional state at issue because of the reference in the complaint to loss of "enjoyment of life" and relied upon our prior opinion in Nelson v. Womble, 657 So.2d 1221 (Fla. 5th DCA 1995). In that case we allowed discovery of mental health records  but there we were dealing with a specific allegation that mental anguish was inflicted, which is not true in the instant case. The allusion to loss of enjoyment of life, without more, does not place the mental or emotional condition of the plaintiff at issue so as to waive the protection of section 90.503.
If we were to adopt the position asserted here by the respondent, it would render the above statute a nullity and inject the issue of mental anguish into virtually every personal injury case. That is not the law and it is not what we held in Nelson. It should be apparent that physical pain and *557 suffering, absent mental anguish, can impair the enjoyment of life. If mental anguish is not pled, evidence thereof is inadmissible at trial and discovery directed to it is not available to the defense. See Weinstock v. Groth, 659 So.2d 713 (Fla. 5th DCA 1995).
Accordingly, we grant the petition for writ of certiorari and quash the discovery order issued by the trial court in respect to the psychiatric records of the petitioner.
PETITION GRANTED; ORDER QUASHED.
W. SHARP and ANTOON, JJ., concur.