850 So.2d 595 (2003)
Frederick BYXBEE, Petitioner,
v.
Placido Rocha REYES, Respondent.
No. 4D03-560.
District Court of Appeal of Florida, Fourth District.
June 18, 2003.
Rehearing Denied August 12, 2003.
*596 James C. Spitz of Law Offices of James C. Spitz, West Palm Beach, for petitioner.
Douglas D. Rozelle, Jr. and Leonard S. Villafranco of Rozelle and Call, West Palm Beach, for respondent.
GROSS, J.
Petitioner, Frederick Byxbee, the plaintiff below, files a petition for writ of certiorari asking this court to quash the trial court's January 17, 2003 order granting the respondent's motion to compel the production of Byxbee's psychotherapy records from Columbia Hospital. We grant the petition.
Byxbee filed a personal injury action against the respondent arising out of a car accident. On March 1, 2002, Byxbee filed a notice of withdrawal of his claim for mental anguish. In October 2002, respondent filed a notice of taking deposition duces tecum of the records custodian of Columbia Hospital. In response, Byxbee filed a motion for protective order seeking to invoke the psychotherapist-patient privilege contained at section 90.503(2), Florida Statutes (2002). The trial judge compelled disclosure of the records, believing that they were relevant to Byxbee's non-mental, physical condition.
This is not a case where Byxbee has relied upon his mental condition "as an element of [his] claim or defense," so that the exception of section 90.503(4)(c) applies. Byxbee withdrew his claim for mental anguish. A claim for loss of enjoyment of life, "without more, does not place the mental or emotional condition of the plaintiff at issue so as to waive the protection of section 90.503." Partner-Brown v. Bornstein, 734 So.2d 555, 556 (Fla. 5th DCA 1999). The records of Columbia Hospital fall within the privilege of section 90.503. That the records contain information pertaining to physical examinations during hospital admissions does not remove the records from the privilege. There is no indication that such examinations were not made "for the purpose of diagnosis or treatment of the patient's mental or emotional condition." § 90.503(2). To allow discovery of the records because they contain information about the patient's physical or medical condition would be to engraft an additional exception to section 90.503(4). The petition for writ of certiorari is granted and the January 17, 2003 order is quashed. See Palm Beach County Sch. Bd. v. Morrison, 621 So.2d 464 (Fla. 4th DCA 1993); Sykes v. St. Andrews Sch., 619 So.2d 467 (Fla. 4th DCA 1993).
GUNTHER and TAYLOR, JJ., concur.