PER CURIAM.
The petitioner is a plaintiff in a medical malpractice action. He seeks review of a trial court order that compelled production of medical records. He argues that the records are protected by section 397.501, Florida Statutes (2002). We agree, grant the petition, issue the writ, and quash the order compelling production.
The petitioner is, a physician, who sued the defendants for malpractice concerning ankle surgery and follow-up medical care for a resulting infection. He alleged that he suffered bodily injury, resulting pain and suffering, disability, disfigurement, hospital and medical expenses, and loss of capacity for the enjoyment of life. He made no claim for mental anguish.
The defense requested production of the following:
Any and all medical records, including but not limited to reports of physical examination, x-rays, x-ray reports, notes on attendance and/or treatment, memo-randa, telephone memorandum slips, laboratory studies, records of physical therapy, reports of physical therapy, medication record, consultation records, medical bills, hospital records, and any and all records whatsoever you may have in your possession or control....
The petitioner objected to the production and asserted privilege under section 397.501.
Following a hearing on the petitioner’s objection, the court ordered the filing of a privilege log. After reviewing the documents, the court ordered the production, finding that the documents were relevant to the petitioner’s claim for “loss of capacity for enjoyment of life.” The court further found that “good cause” existed for the disclosure, pursuant to section 397.501(7)(a)5.
A petition for writ of certiorari is the proper means for reviewing court or *1278 ders compelling production of discovery claimed to be privileged. Snyder v. Value Rent-A-Car, 736 So.2d 780 (Fla. 4th DCA 1999).
We need look no further than a recent decision from this court to resolve this petition. See Byxbee v. Reyes, 850 So.2d 595 (Fla. 4th DCA 2003).[1] In Byxbee, we held that otherwise privileged psychotherapy records are irrelevant to a plaintiffs “non-mental, physical condition” when there is no claim for mental anguish. This is true even though the plaintiff has claimed “loss of enjoyment of life.”
In this case, the plaintiff has not alleged a claim for mental anguish. Under Byxbee, his claim for “loss of enjoyment of life” “without more, does not place the mental or emotional condition of the plaintiff at issue so as to waive the protection of section 90.503.” Partner-Brown v. Bornstein, 734 So.2d 555, 556 (Fla. 5th DCA 1999). Furthermore, the records sought in this case preceded the surgery by approximately four years.
The petition is granted and the order of the trial court is quashed.
WARNER, POLEN and MAY, JJ„ concur.

. We note that the trial court did not have the benefit of our decision in Byxbee when it ruled in this case.