932 So.2d 500 (2006)
Joseph GARBACIK, Petitioner,
v.
WAL-MART TRANSPORTATION, LLC, etc., et al., Respondent.
No. 5D06-719.
District Court of Appeal of Florida, Fifth District.
June 16, 2006.
Rehearing Denied July 6, 2006.
*501 Christian A. Lindbaek of Alpizar & Ville, LLC, Palm Bay, for Petitioner.
Nicholas F. Van Valen of Nicklaus & Associates, P.A., Coral Gables, for Respondent, Wal-Mart Transportation, LLC.
No Appearance for Respondents, Michael Jefferson Edwards, Ronald F. Choma and Sharon K. Choma.
MONACO, J.
Joseph Garbacik petitions this court for a writ of certiorari to review a non-final order denying Mr. Garbacik's motion for protective order. By his motion Mr. Garbacik sought to prohibit further discovery in this civil action concerning his mental condition. More specifically, he sought to prohibit a deposition of and discovery from his psychologist, Dr. Legler. Because the challenged order departs from the essential requirements of law, and would cause material injury through the remainder of the suit, and because the petitioner is, therefore, without an adequate remedy at law, we grant the petition. See Beverly Enterprises-Florida, Inc. v. Ives, 832 So.2d 161, 162 (Fla. 5th DCA 2002), review denied, 845 So.2d 890 (Fla.2003); Quarles & Brady, LLP v. Birdsall, 802 So.2d 1205 (Fla. 2d DCA 2002).
In 2004, Mr. Garbacik sued the respondent, Wal-Mart Transportation, LLC, seeking damages for personal injuries that resulted from a trucking accident. After the action was removed to federal court, Mr. Garbacik voluntarily dismissed the case. In 2005, Mr. Garbacik filed a new complaint in state court, but this time he added the respondents, Ronald and Sharon *502 Choma as defendants, along with Wal-Mart Transportation. He claimed in his later complaint that he was involved in a subsequent automobile accident involving Mr. and Mrs. Choma, and that the injuries he suffered were inseparable from those he incurred in the earlier accident involving the truck owned by Wal-Mart Transportation.
Between the dismissal of the initial case, and the filing of the second case, Mr. Garbacik underwent a neuropsychological evaluation by Dr. Legler. The report, which was disseminated to the respondents, indicated that Mr. Garbacik was suffering from depression and post-concussion syndrome, as well as "pain disorder" associated with psychological factors and his medical condition.
Wal-Mart Transportation took the deposition of Mr. Garbacik, during which he was questioned about Dr. Legler's report without an assertation of privilege. Later, however, when Wal-Mart Transportation scheduled the deposition of Dr. Legler, Mr. Garbacik filed a motion in which he asked the trial court to allow him to withdraw his claim of mental anguish. In addition, Mr. Garbacik moved for a protective order, seeking to prohibit further discovery concerning his mental condition, and to prohibit the deposition of Dr. Legler. While the trial court granted Mr. Garbacik's motion to amend his complaint to withdraw the claim of mental anguish, it denied the motion for a protective order, saying essentially that he would allow discovery to proceed, and would decide later whether he would admit into evidence the information concerning Mr. Garbacik's mental condition. Mr. Garbacik then timely filed his petition for writ of certiorari.
Mr. Garbacik argues that the information being sought by Wal-Mart Transportation from Dr. Legler is protected by the psychotherapist-patient privilege articulated in section 90.503, Florida Statutes (2003). That statute protects certain communications of a patient with a licensed or certified psychologist, or with a certified mental health counselor. Subsection (2) of the statute provides:
(2) A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition, including alcoholism and other drug addiction, between the patient and the psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
Section 90.503(4) identifies the exceptions to this privilege, as follows:
(4) There is no privilege under this section:
(a) For communications relevant to an issue in proceedings to compel hospitalization of a patient for mental illness, if the psychotherapist in the course of diagnosis or treatment has reasonable cause to believe the patient is in need of hospitalization.
(b) For communications made in the course of a court-ordered examination of the mental or emotional condition of the patient.

(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense or, after the patient's death, in any proceeding in which any party relies *503 upon the condition as an element of the party's claim or defense.

(Emphasis added).
In order to take advantage of exception (c) a party seeking otherwise privileged information must demonstrate that the patient has placed his or her mental condition in issue. Quinney v. Quinney, 890 So.2d 407 (Fla. 5th DCA 2004); Palm Beach County School Bd. v. Morrison, 621 So.2d 464 (Fla. 4th DCA 1993); Sykes By & Through Sykes v. St. Andrews School, 619 So.2d 467 (Fla. 4th DCA 1993). Here, it is undisputed that at the outset of this case Mr. Garbacik had placed his mental and emotional condition in issue by seeking damages for "emotional anguish." When he did so, he initially waived the privilege. The issue, however, concerns the effect of the withdrawal of the mental anguish claim on the waiver. Indeed, Wal-Mart Transportation admirably concedes that "the Plaintiff is correct that if mental anguish claims are withdrawn from a case, the opposing party generally may not discover the Plaintiff's psychiatric history." Wal-Mart Transportation argues, however, that once waived, the privilege cannot be called back into existence. Curiously, and though it might at first appear to be counterintuitive, this category of waiver does not appear to be irrevocable.
In Sykes, the Fourth District held that a waiver of the psychotherapist/patient privilege could be revoked so as to reinstate the privilege, if the patient abandons his or her claim for damages for emotional distress, even though the patient has already voluntarily submitted to a mental examination by a defense expert. In so holding, the court stated:
One purpose of the waiver or exclusionary portions of the rule and the statute is to prevent a party from using the privilege as both a sword and a shield, that is, seeking to recover for damage to the emotions on the one hand while hiding behind the privilege on the other. It is beyond question that petitioner initially intended to put her mental condition in issue and to recover damages for her own emotional stress. She subsequently abandoned that attempt. Thus, her mental condition is no longer in issue except as respondents intend to make it so in furtherance of their own litigation strategy. Petitioner has dropped the sword. No damage has been done. The original examination and the expert's deposition are now irrelevant and immaterial to petitioner's claim for damages. Since the reason for piercing the shield of privilege no longer exists, the shield should again be available.
See Sykes, 619 So.2d at 469. The court reasoned that "[I]n the context in which discovery is now sought petitioner is not making an issue of her own mental or emotional condition." Id. For that reason, the court held that the privilege had not been irrevocably waived. We agree with the reasoning of our sister court, and the logic of its conclusion. See also Bolin v. State, 793 So.2d 894, 898 (Fla.2001).
Moreover, in the present case, once Mr. Garbacik abandoned his effort to collect damages for injuries having a mental anguish component, his psychological state became generally irrelevant. Since the appellee has not made clear to us how further discovery into Mr. Garbacik's mental health is "reasonably calculated" to lead to admissible evidence, we are unable to see how these inquiries could properly be the subject of discovery in any event. Fla. R. Civ. P. 1.280(b)(1).
Wal-Mart Transportation's fallback positions appear to be that despite the abandonment of the mental anguish claim, (a) Dr. Legler's testimony and report *504 are relevant for impeachment purposes; and (b) the discovery might have some bearing on the remaining claims in the complaint, such as the demand for damages for loss of capacity for the enjoyment of life. We are unpersuaded by either of these arguments.
If we allowed an invasion of the privilege because the material could be used for impeachment purposes, we might just as well ignore the privilege in its entirety. If that were the law, there would be virtually no case where the report of a mental health professional could not be obtained by the opposing party. Section 90.503 would be useless.
Moreover, we have previously rejected the argument that a patient places his or her mental or emotional state at issue because of the reference in the complaint to loss of "enjoyment of life." In Partner-Brown v. Bornstein, 734 So.2d 555, 556 (Fla. 5th DCA 1999), for example, this Court stated:
The allusion to loss of enjoyment of life, without more, does not place the mental or emotional condition of the plaintiff at issue so as to waive the protection of section 90.503.
If we were to adopt the position asserted here by the respondent, it would render the above statute a nullity and inject the issue of mental anguish into virtually every personal injury case. That is not the law and it is not what we held in Nelson v. Womble, 657 So.2d 1221 (Fla. 5th DCA 1995). It should be apparent that physical pain and suffering, absent mental anguish, can impair the enjoyment of life.
Accordingly, we grant the petition for writ of certiorari and quash the discovery order issued by the trial court with respect to further discovery of Mr. Garbacik's mental condition, and in particular with respect to the deposition of Dr. Legler and his report.
PETITION GRANTED; ORDER QUASHED.
THOMPSON and SAWAYA, JJ., concur.