945 So.2d 524 (2006)
Stephanie E. IRELAND, Petitioner,
v.
Stacey A. FRANCIS and Alan R. Francis d/b/a Alco Auto Sales, and Stacey A. Francis, individually, Respondents.
No. 2D06-1316.
District Court of Appeal of Florida, Second District.
September 29, 2006.
Rehearing Denied January 18, 2007.
Bill McCabe of Shepherd, McCabe and Cooley, Longwood, for Petitioner.
Scott A. Cole and Maria T. Kleppinger of Cole, Scott & Kissane, P.A., Miami, for Respondents.
DAVIS, Judge.
Stephanie E. Ireland petitions for certiorari review of the trial court's interlocutory order compelling her psychiatrist to provide her medical records to Stacey and Allan Francis d/b/a Alco Auto Sales and Stacey Francis, individually (collectively "Respondents"). We grant the petition.
Ireland has named Respondents as defendants in the underlying personal injury action that stems from a car accident between Ireland and Stacey Francis, who at the time was driving a vehicle owned by Alco Auto Sales. Ireland filed a complaint against Respondents, seeking damages for "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money." (Emphasis added.)
Based on the claim for mental anguish damages, Respondents filed a notice of production from a nonparty, seeking Ireland's medical records from her psychiatrist, Dr. Omar Rieche. Upon receiving notice from Dr. Rieche's office that it could not comply with such a request without a HIPAA[1] authorization for release of information *525 signed by Ireland, Respondents contacted Ireland's counsel requesting that Ireland sign such an authorization. When Ireland refused, Respondents filed a motion to compel her to execute a medical records authorization form.
Prior to the hearing on the motion, counsel for Ireland informed counsel for Respondents orally at Ireland's deposition that she was waiving her mental anguish claim. Ireland also filed a written notice with the trial court that she was withdrawing the mental anguish claim. Nevertheless, following the hearing on Respondents' motion to compel, the trial court entered an order concluding that Ireland had waived any psychotherapist-patient privilege because her initial pleading included a mental anguish claim. Based on that conclusion, the trial court ordered Dr. Rieche, a nonparty to the proceedings, to produce copies of the records.
With regard to common law certiorari review of nonfinal trial court orders, the petitioner must demonstrate that the challenged order departs from the essential requirements of law and that unless relief is granted he or she will suffer an injury for which he or she will have no adequate remedy on appeal. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). Ireland has met this burden here.
Section 90.503(2), Florida Statutes (2005), provides as follows: "A patient has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition . . . between the patient and the psychotherapist. . . ." However, the privilege does not apply to "communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense. . . ." § 90.503(4)(c); see also Nelson v. Womble, 657 So.2d 1221, 1222 (Fla. 5th DCA 1995) ("`A plaintiff who seeks mental anguish damages arising out of a motor vehicle accident has "made his post-accident mental or emotional condition an element of his negligence claim" and cannot invoke the psychotherapist-patient privilege.'" (quoting Scheff v. Mayo, 645 So.2d 181, 182 (Fla. 3d DCA 1994))).
Here, the trial court concluded that by including a claim for mental anguish in her original pleading, and thus making her mental condition an element of her claim, Ireland permanently waived her psychotherapist-patient privilege. This, however, is not a correct statement of the law. Because Ireland has withdrawn her claim for mental anguish, her mental condition is no longer an element of her claims. See Byxbee v. Reyes, 850 So.2d 595, 596 (Fla. 4th DCA 2003) ("Byxbee withdrew his claim for mental anguish. A claim for loss of enjoyment of life, `without more, does not place the mental or emotional condition of the plaintiff at issue so as to waive the protection of section 90.503.'" (quoting Partner-Brown v. Bornstein, 734 So.2d 555, 556 (Fla. 5th DCA 1999))).
Based on Byxbee, the trial court departed from the essential requirements of law in ordering the production of Ireland's psychiatry records even though she has withdrawn her claim for mental anguish. Furthermore, because such a disclosure would let the proverbial cat out of the bag, unless relief is granted Ireland would suffer an injury for which she would have no *526 adequate remedy on appeal. See Parkway Bank, 658 So.2d at 650. As such, we grant the petition.
We also note that because we are granting the petition on this basis, we need not address Ireland's claim that the trial court departed from the essential requirements of law by directing a nonparty to produce her records.
Granted.
FULMER, C.J., and CANADY, J., Concur.
NOTES
[1] See Pub.L. No. 104-191, 110 Stat.1936 (1996) (codified at 42 U.S.C. § 1320d-d8), commonly referred to as the Health Insurance Portability and Accountability Act of 1996 (HIPAA).