939 So.2d 249 (2006)
JOHN BANDORF, Petitioner,
v.
VOLUSIA COUNTY DEPARTMENT OF CORRECTIONS AND COUNTY OF VOLUSIA, Respondents.
Case No. 1D06-0579.
District Court of Appeal of Florida, First District.
Opinion filed October 16, 2006.
Mark L. Zientz and Andrea Cox of Law Offices of Mark L. Zientz, P.A., Miami, for Petitioner.
Nancye R. Jones, Assistant County Attorney, Deland, for Respondents.
ALLEN, J.
In his petition for a writ of certiorari, the claimant in a workers' compensation case seeks review of a discovery order by which the judge of compensation claims directed that copies of the petitioner/claimant's psychiatric records must be provided to the respondents/employer/carrier. Because these records are privileged under clearly established principles of law, and because their production would cause irreparable harm which could not be remedied upon appeal from the final order in this case, we grant the petition and quash the order.
The petitioner filed a petition for workers' compensation benefits, alleging that he was injured as a result of repetitive exposure to mold, toxic substances, and chemicals at his workplace, which he claims is a "sick building." He requested authorization and payment for the evaluation, care, and treatment of hypersensitivity, immune deficiencies, fatigue, and other "neurological symptoms." He also requested neurodiagnostic studies to "determine, better diagnose, and treat the neurological deficits caused by sick building exposure." The respondents controverted the claim and sought to subpoena records from two psychiatrists who had treated the petitioner. The petitioner objected to the requested production of the records, arguing that they were protected from disclosure by the psychotherapist-patient privilege codified in section 90.503, Florida Statutes. Theorizing that some of the symptoms of which the petitioner complainedspecifically, "fatigue and neurological symptoms"might be the product of a mental or emotional condition, or of medicines administered for treatment of a mental or emotional condition, the respondents countered that the privilege did not apply because the petitioner was relying upon his mental or emotional condition as an element of his workers' compensation claim. Agreeing with the respondents that the privilege did not apply, the judge of compensation claims entered the order under review.
Section 90.503(2), Florida Statutes, provides that the patient of a psychotherapist has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition. Material to the present case, section 90.503(4)(c), provides an exception to this privilege for "communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense. . . ."
Although the exception to the privilege applies when a plaintiff or claimant asserts that mental anguish or emotional distress has resulted from the defendant's negligence (in the case of a plaintiff in a negligence action) or from an industrial injury (in the case of a claimant in a workers' compensation case), see, e.g., Nelson v. Womble, 657 So. 2d 1221 (Fla. 5th DCA 1995), Scheff v. Mayo, 645 So. 2d 181 (Fla. 3d DCA 1994), Sykes v. St. Andrews School, 619 So. 2d 467 (Fla. 4th DCA 1993), the exception does not apply merely because symptoms the plaintiff or claimant associates with a physical injury are of a type which might arguably be associated with some separate mental or emotional condition. Thus, the petitioner/plaintiff in Partner-Brown v. Bornstein, 734 So. 2d 555 (Fla. 5th DCA 1999), did not rely upon her mental or emotional condition and thereby make the exception applicable when she alleged in her medical malpractice complaint that her physical injuries had resulted in the loss of the "enjoyment of life." In rejecting the respondent/defendant's argument that the petitioner had relied upon her mental or emotional condition in pleading her case in this manner, the court observed, "[i]t should be apparent that physical pain and suffering, absent mental anguish, can impair the enjoyment of life." Id. at 556-57.
Likewise, the petitioner in the present case did not rely upon his mental or emotional condition and thereby make the exception to the privilege applicable when he claimed that the physical injuries he suffered from the sick building in which he worked resulted in fatigue and neurological symptoms. The respondents effectively concede this point by their argument that it is "an established medical fact, as well as common knowledge," that fatigue and neurological symptoms can be "caused by a number of physical, as well as, mental conditions."
Although the psychiatric records might contain information that would be relevant for impeachment purposes or in connection with a defense that the fatigue and neurological symptoms are the result of some mental or emotional condition unrelated to the injuries of which the petitioner complains, the section 90.503(4)(c) exception applies only when the patientrather than some party who opposes the patient in litigationplaces his mental or emotional condition in issue. See, e.g., Garbacik v. Wal-Mart Transp. LLC, 932 So. 2d 500 (Fla. 5th DCA 2006); Palm Beach County Sch. Bd. v. Morrison, 621 So. 2d 464 (Fla. 4th DCA 1993). Because the patient in the present litigation, the petitioner, has not placed his mental or emotional condition in issue, the section 90.503(4)(c) exception to the privilege does not apply.
The petition is accordingly granted and the discovery order is quashed.
LEWIS and HAWKES, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.