THOMAS, J.
In this petition for writ of certiorari, Petitioner asks this court to quash the trial court’s order compelling production of a non-party’s psychotherapy records. We grant the petition.
Petitioner initiated a wrongful death action against Respondents, alleging that Respondents’ negligence led to her minor son’s death. Petitioner, personal representative of Decedent, filed this suit on behalf of all survivors, as defined under Florida’s Wrongful Death Act; however, Decedent’s brother, “Rickey,” is not considered a survivor and is therefore barred from bringing a personal claim in this action, even though he was present when Decedent died.
During deposition, Petitioner’s grief expert, Dr. Hughes, testified that Rickey has anger management issues that have resulted from his brother’s death. Dr. Hughes testified that these anger problems have compounded Petitioner’s grief and have *345 impacted the survivors’ emotional pain and suffering.
Following Dr. Hughes’ deposition, Respondent Dr. Spindell requested that the trial court compel Rickey to disclose his psychological records, as they were made an issue in the case through Dr. Hughes’ testimony. Rickey refused, and signed an affidavit stating that he did not give any person authorization to disclose his records. The trial court granted Respondents’ motion and compelled Rickey to provide his psychological records to Respondent. Production was stayed, pending review of the order by certiorari.
There is no question that Petitioner has the authority to claim the psychotherapist/patient privilege on Rickey’s behalf. § 90.503(3)(b), Fla. Stat. (2005). The privilege has statutory limitations and may be waived. Pursuant to section 90.503(4)(c), Florida Statutes (2005), there is no privilege
[f]or communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of his or her claim or defense or, after the patient’s death, in any proceeding in which any party relies upon the condition as an element of the party’s claim or defense.
(Emphasis added.) A plain reading of the statute clearly states that the exception applies when (1) the patient relies on his or her mental or emotional condition, and (2) the patient makes the condition an issue in the lawsuit. Neither of these facts is present here.
In Bandorf v. Volusia County Department of Corrections, this court held that the exception does not apply merely because the psychiatric records might contain information that would be relevant for impeachment purposes or in connection with a defense that the injuries complained of are the result of some preexisting mental or emotional condition. 939 So.2d 249 (Fla. 1st DCA 2006). We held that “the section 90.503(4)(c) exception applies only when the patient — rather than some party who opposes the patient in litigation— places his mental or emotional condition in issue.” Id. at 250 (emphasis in original). In Bandorf, the defendant was requesting the psychological records of a party to the lawsuit; Rickey, the patient here, is not a party to the lawsuit, therefore, it is impossible for him to make his mental or emotional condition an issue in this lawsuit. Certainly there is a distinction between claims and defenses made by Petitioner and claims and defenses made by Rickey. Rickey is not a party in this action and is pursuing no claims or defenses.
Respondent’s reliance on Amente v. Newman, 653 So.2d 1030 (Fla.1995), is unfounded, as it is distinguishable on two grounds from the situation before us. It can first be distinguished factually. In Amente, the doctor, a defendant in the case, was ordered to produce medical records of non-party patients. The court made it clear that all proper precautions were to be taken to protect the patients’ identity. Id. at 1032. Therefore, no privacy rights of any patient would be violated by the order. Here, not only is it the patient who is being asked to produce his own records, but neither the patient nor the patient’s doctor is a party in the lawsuit. It will be impossible for Rickey’s privacy to be protected.
Second, and more importantly, there was no statutory privilege raised in Amente. The issue before the court was merely whether the patient records were relevant and whether this relevancy outweighed the patients’ right to confidentiality of their medical files. Id. at 1031. Rule 1.280(b)(1), Florida Rules of Civil Procedure, which defines the proper scope of *346 discovery, states, “Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action_” (emphasis added). No matter how relevant Rickey’s records may be to the pending action here, because they are privileged, they are not discoverable.
We, therefore, GRANT the petition for writ of certiorari and QUASH the trial court’s order authorizing release of the records.
ERVIN and WEBSTER, JJ., concur.