ZINTER, Justice
(concurring specially).
[1197.] I concur and write on Issue 5 regarding the trial court’s partial exclusion of evidence relating to Kostel’s mental health.[29] I agree with the Court’s affir-mance of the trial court’s decision to deny Dr. Schwartz’s requested use of all of Kos-tel’s mental health history. I write to explain my view of this issue, including additional factual support for our decision. I also write to explain my view of the Court’s discussion regarding the interplay of privilege on the issues.
[¶ 98.] On the issue of liability, which involves Kostel’s ability to physically heal after the surgery, I would hold that the lack of notice alone justified the preclusion of Dr. Eichler’s testimony. With respect to other requested uses of her mental health history with respect to liability,[30] I would hold that absent a foundational showing of a relationship between the precluded evidence and her ability to physically heal, the trial court did not abuse its discretion.
[¶ 99.] With respect to the related matter of privilege, the Court’s suggestion that some of Kostel’s history may have been excluded by the therapist-patient privilege should, in my view, be read narrowly. See supra ¶ 81. I agree that because Dr. Schwartz failed to prove that Kostel’s mental health history was relevant to liability, it was protected by the privilege with respect to that issue. See SDCL 19-13-11 (only requiring a waiver *391 of the therapist-patient privilege when the evidence is relevant to an issue of the physical, mental or emotional condition of the patient in any proceeding in which the patient relies upon the condition as an element of her claim or defense); SDCL 19-2-3 (only requiring a waiver of the privilege when the physical or mental health of any person is in issue). Because Kostel’s mental health history was not shown to be relevant to her ability to physically heal, it may have been privileged[31] with respect to liability. Nevertheless, in my view it was admissible to the extent it was relevant to the damage issue discussed below. See Maynard v. Heeren, 1997 SD 60, ¶ 11, 563 N.W.2d 830, 834-35 (concluding that even if the emotional and mental state of a plaintiff is not an element of the plaintiffs causes of action, mental condition is not privileged when relevant to the question of damages).
[¶ 100.] With respect to damages, Kos-tel sought to be compensated for loss of enjoyment of life due to her physical disabilities caused by Dr. Schwartz’s treatment. Although Kostel claimed that her mental health history was irrelevant to this narrow claim,[32] she is mistaken because the record reflects that the non-physical aspects of her loss of enjoyment of life claim could have been caused or exacerbated by her mental health problems.[33] Therefore, some of Kostel’s mental health history was relevant and admissible with respect to her claimed inability to enjoy life. See id.
[¶ 101.] The trial court recognized the relevancy of this evidence on the- issue of damages, but carefully excluded those portions of Kostel’s history that were irrelevant and overly prejudicial. For example, on numerous occasions the court explained that it was allowing Kostel’s history of depression and anxiety as relevant to the claimed loss of enjoyment of life, but the court did not allow evidence of blackouts, post-traumatic stress syndrome, suicide, and multiple personality disorders that related to childhood sex abuse.[34] Thus, the court allowed evidence of Kostel’s hospitalizations reflecting a lengthy history of depression and anxiety, one of which reflected recurrent and severe depression, *392 despondency, panic attacks, psychotropic drug prescriptions, and a depressed mood with variable difficulties with concentration, sleep, and appetite. Another example of admitted evidence included a 1998 hospitalization for progressively worsening depression, classified as “recurrent major depression, severe.” Considering the evidence that was allowed, the overly prejudicial effect of the excluded evidence, the lack of foundation on the excluded evidence, and this Court’s deferential standard of review, the trial court did not abuse its discretion in excluding some of Kostel’s mental health history.
[¶ 102.] WILBUR, Circuit Judge, joins this special writing.

. Although Dr. Schwartz complains that he was not able to pursue some mental health history issues he raised in opening statement, informing a jury that certain evidentiary matters will be produced is always subject to subsequent admissibility determinations by the trial court.

. The medical evidence on this issue reflected that significant mental health issues may make it more complicated or difficult to treat a patient.

. Privilege does not appear lo be a basis for the trial court’s decision, and it was not briefed on appeal. Consequently, in my view, the Court's discussion of this issue is dictum.

. Kostel dropped her pleaded claims for emotional distress and mental anguish. Dr. Schwartz did not offer evidence reflecting that the disallowed portions of Kostel's mental health history affected her credibility by illuminating her powers of perception and ability to testify with accuracy.

. The Court mistakenly relies on Garbacik v. Wal-Mart Transp., LLC, 932 So.2d 500, 504 (Fla.Dist.Ct.App.2006) (stating that the mere allusion to loss of enjoyment of life, without more, does not place the mental or emotional condition of the plaintiff at issue so as to waive the medical privilege) and Mora v. Saint Vincent's Catholic Med. Ctr. of New York, 8 Misc.3d 868, 800 N.Y.S.2d 298, 302 (2005) (stating that in the event the plaintiff's claim for loss of enjoyment of life is limited solely to the physical effects of defendants' alleged malpractice, then questioning regarding the plaintiff's mental state would be improper). See supra ¶ 83. Unlike those cases, Kostel’s claim for loss of enjoyment of life was not limited solely to physical effects of Kostel's surgery. She claimed that as a result of those physical effects, she was unable to have "fun” enjoying recreation and family activities. See supra ¶ 84. Therefore, like our decision in Maynard, Kostel’s history of depression and anxiety was admissible on the damage claim. See Maynard, 1997 SD 60, ¶ 11, 563 N.W.2d at 834-35.

.Some of the proffered evidence was remote in time. The court also determined that Dr. Schwartz’s medical literature did not provide the necessary causative link under Dau-bert and Rule 702 to allow neurosurgeon testimony with respect to suicide and multiple personality disorders.