PER CURIAM.
 

 August Urbanek seeks a writ of certio-rari quashing the denial of his motion for protective order. The petition was timely filed.
 

 At the heart of the proceedings below is petitioner’s irrevocable trust. Many causes of action involving many parties have been alleged and dismissed. As it currently stands, the lawsuit involves claims against petitioner for indemnification by respondent Gerald Urbanek, Commercial Management Corporation and the trustee, Philip Hopkins.
 

 Petitioner asserted the psychotherapist-patient privilege to prevent respondent(s) from deposing his psychologist who had previously furnished the court with an affidavit.
 
 See
 
 § 90.503, Fla. Stat. (2009). When denying the motion for protective order, the court ordered that the psychologist could be deposed, and that during that deposition he “shall disclose the facts, communications, and records” surrounding the creation and the content of the affidavit.
 

 The affidavit was offered by petitioner and authored by his clinical psychologist. It was furnished in response to respondent’s position that petitioner was being purposely isolated and sequestered in an effort to frustrate discovery and avoid certain meetings. Through the affidavit, petitioner’s psychologist addressed the “isolation” theory based on his evaluation of petitioner and the family dynamics.
 

 Petitioner subsequently withdrew the affidavit. Respondent’s position is that the any privilege was waived and the waiver cannot be revoked.
 
 See
 
 § 90.507, Fla. Stat. (2009).
 

 We grant the petition and quash the order. We hold that any initial waiver of the privilege was revoked when petitioner withdrew the affidavit.
 
 See Garbacik v. Wal-Mart Transp. LLC.,
 
 932 So.2d 500, 503 (Fla. 5th DCA 2006);
 
 Commercial Carrier Corp. v. Kelley,
 
 903 So.2d 240 (Fla. 5th DCA 2005);
 
 Cohen v. Cohen,
 
 813 So.2d 1060 (Fla. 4th DCA 2002);
 
 Sykes By &
 
 
 *1237
 

 Through Sykes v. St. Andrews Sch.,
 
 619 So.2d 467 (Fla. 4th DCA 1993). Petitioner submitted the affidavit in response to an affidavit submitted by Gerald Urbanek in connection with issues which were, and remain, collateral to the underlying indemnification claim. Also, respondent has not demonstrated that the substance of the affidavit is tied to petitioner’s answer, affirmative defenses or counterclaim.
 
 Compare H.J.M. v. B.R.C.,
 
 603 So.2d 1331, 1334 (Fla. 1st DCA 1992) (citing
 
 Hamilton v. Hamilton Steel Corp.,
 
 409 So.2d 1111 (Fla. 4th DCA 1982)).
 

 Accordingly, we grant the petition for certiorari and quash the order at issue.
 

 Petition granted.
 

 GROSS, C.J., WARNER and TAYLOR, JJ., concur.