PER CURIAM.
The petitioner, Jerry Antone Tyson, seeks certiorari review of an order permitting the State to subpoena Tyson’s medical records. Tyson contends that the order departed from the essential requirements of law, as his records have no relevance to any issue in the prosecution below. We agree and quash the trial court’s order.
Tyson was arrested and charged by indictment for first-degree felony murder and robbery with a deadly weapon based upon a botched robbery and stabbing death of a fifty-two-year-old disabled man at a McDonald’s restaurant. Tyson was previously convicted of manslaughter and had a long history of mental illness. The State sought to subpoena his medical records — some of which are over seventeen years old — from various entities including the Orange and Osceola County jails and the Florida State Hospital in Chattahoochee. Tyson objected, arguing his medical records were wholly irrelevant to the ongoing criminal investigation because he was not participating in discovery nor was he seeking a competency determination or asserting an insanity defense. The State contends that it is seeking the death penalty and that the medical records might reveal prior bad acts that may constitute Williams[1] rule evidence.
Certiorari is the appropriate vehicle to review an interlocutory order re *445 quiring the production of confidential medical records. Hunter v. State, 639 So.2d 72 (Fla. 5th DCA 1994); see also State v. Isaac, 696 So.2d 813 (Fla. 2d DCA 1997). Before the State can employ its investigative subpoena power and compel the disclosure of medical records without the consent of the patient, the State “has the obligation and the burden to show the relevancy of the records requested.” Hunter, 639 So.2d at 74. Relevant evidence is that which tends to prove or disprove a material fact. Id. (citing Charles W. Ehrhardt, Florida Evidence § 90.401 (1992 ed.)). The State’s burden arises from Tyson’s constitutional right to privacy in his medical information, which requires the State to demonstrate a compelling interest in the disclosure. See Cerroni v. State, 823 So.2d 150, 151-52 (Fla. 5th DCA 2002); see also State v. Rivers, 787 So.2d 952 (Fla. 2d DCA 2001) (“Such [a compelling state] interest exists where there is a reasonable founded suspicion that the materials contain information relevant to an ongoing criminal investigation.”).
In the case below, the State did not present evidence to establish relevancy. As set forth by defense counsel, Tyson’s medical records do not relate to any element of the charged offense. Tyson is not engaging in any reciprocal discovery. Furthermore, the defense has not injected any mental health defense into the proceeding-Tyson is not relying on an insanity defense nor is he seeking to present mental health mitigation evidence during the penalty phase. Since there is no nexus between the criminal prosecution and Tyson’s medical records, the trial court departed from the essential requirements of law in permitting the State to subpoena all of Tyson’s medical records. To allow disclosure of non-discoverable, mental health records would cause irreparable harm from which Tyson has no adequate remedy on appeal. Ireland v. Francis, 945 So.2d 524 (Fla. 2d DCA 2006).
Accordingly, we grant the petition for certiorari and quash the order that permitted the State to subpoena Tyson’s medical records.
•GRANT PETITION, QUASH ORDER.
GRIFFIN, JACOBUS and BERGER, JJ., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959).