# Third District Court of Appeal

## State of Florida

Opinion filed June 10, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-913
Lower Tribunal No. 11-6237-A
_____

**Jorge Barahona,**
Petitioner,

vs.

**The State of Florida, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Nushin Sayfie, Judge.

J. Rafael Rodriguez, for petitioner.

Eugene Zenobi, Criminal Conflict and Civil Regional Counsel, Third District, and Philip L. Reizenstein, Assistant Regional Counsel, for respondents.

Before SALTER, FERNANDEZ and SCALES, JJ.

SALTER, J.

Jorge Barahona petitions for a writ of prohibition or certiorari[1] to preclude the review of his medical records *in camera*. His co-defendant/wife, Carmen Barahona, requested the records in pretrial discovery. Jorge and Carmen Barahona were indicted for the first-degree murder of one of their adoptive children, N.B.; multiple counts of aggravated battery upon N.B.; additional counts of aggravated battery upon another adoptive child, N.B.'s twin brother, V.B.; charges of child abuse and neglect relating to both children; and a charge of mutilating or grossly abusing N.B.'s body after her death. The State is seeking the death penalty against both Jorge and Carmen Barahona.[2]

Carmen Barahona filed a pretrial motion for the issuance of a subpoena *duces tecum* seeking medical records (including psychological and psychiatric records) from a local hospital pertaining to Jorge Barahona. She maintained that the records were necessary and relevant to her defense, and she asked the trial court to review the records *in camera*. The court held two hearings on the motion. Following the first hearing, the court directed Carmen Barahona to amend her motion to demonstrate good cause for an *in camera* review, as a precondition to

---

[1] "Certiorari is the appropriate vehicle to review an interlocutory order requiring the production of confidential medical records." Tyson v. State, 114 So. 3d 443, 444-45 (Fla. 5th DCA 2013).

[2] The parties agreed that their cases would be severed for trial.

assessing the alleged relevance of any documents that might be responsive to the subpoena.

Carmen Barahona then filed a supplement to her motion for the subpoena to address her "good faith" request for Jorge Barahona's medical records. Although she described statements by Jorge Barahona to the police that he was hospitalized twice because the child victims were poisoning him, purportedly corroborated by V.B. (describing Jorge Barahona's claim that the children were trying to poison Jorge by putting rat poison on the baseboard and baby oil in his two-liter bottle of a soft drink), neither the supplement nor the original motion links Jorge Barahona's medical records as sought from the hospital to any defense to any charge against Carmen Barahona.

At the close of the second hearing on the motion for the subpoena, the trial court ruled that Carmen Barahona had shown a need for the *in camera* review of the medical records by the court, as they might contain information "that [Carmen Barahona] may be able to utilize in nudging forth their defense, or their mitigation . . . it could be either." The trial court stayed the effectiveness of the order in order to permit Jorge Barahona to seek relief in this Court.

<u>Analysis</u>

Mr. Barahona's petition asserts that: the medical records are privileged under the physician-patient privilege (citing <u>Acosta v. Richter</u>, 671 So. 2d 149

3

(Fla. 1996)); there is no proffered, specific nexus between his own medical records and Ms. Barahona's defense; there is a valid concern that any such records made available to Ms. Barahona will in turn be provided by her to the State by virtue of the reciprocal discovery in effect in the case under Florida Rule of Criminal Procedure 3.220(d)(1)(B) (see State v. Boggess, 698 So. 2d 942 (Fla. 3d DCA 1997)); he may be prejudiced because of the trial court's review of such records and subsequent role in the sentencing phase of the case; and disclosure is prohibited by the Health Insurance Portability and Accountability Act ("HIPAA")[3] and its privacy rule.[4]

In her response,[5] Ms. Barahona argues that the subpoena was required to permit her to "obtain information to explore possible defenses," and that the "specifics as to the relevancy of the medical records are detailed" in her supplement to the motion for the subpoena filed after the first hearing on the matter. She also asserts these reasons for seeking the records:

---

[3]  42 U.S.C. §§ 1320d-1320d-9 (2014).

[4]  45 C.F.R. §§ 164.102 - .106 (2015).

[5]  The State has also filed a response, but has taken no position relating to Mr. Barahona's medical records on the state of the current record. The State has requested that any remedy crafted by this Court "be narrow and not prejudice any discovery rights the State might have in the case as it proceeds in the trial court." We confirm that this opinion is limited in scope and confined to the existing record. The State has also asserted its entitlement to the medical records, if produced to Ms. Barahona, as a matter of reciprocal discovery.

Prior to the death of N.B., Jorge Barahona was hospitalized twice and the medical records sought would confirm the hospitalization and might contain additional information regarding Jorge Barahona's beliefs about N.B. and V.B. attempting to poison him. Carmen Barahona is charged in multiple counts in the indictment with aggravated child abuse and aggravated battery upon a child by locking V.B and N.B in a bathroom. The proof that Jorge Barahona believed his children were trying to poison him, and that he told this to his wife-who is now his co-defendant- could form the basis for a defense to those charges. . . .

. . . .

Jorge Barahona claimed in his statement to the detectives that he was hospitalized as a result of his children trying to poison him. Jorge Barahona made N.B. and V.B sleep in the bathtub. He had various explanations for this. He also taped their wrists. Carmen Barahona was present in the home during this time period. She is charged with multiple acts of child abuse. Her knowledge of Jorge Barahona's claims that their children were trying to poison him is directly relevant to a possible defense to the child abuse charges. If Jorge Barahona was telling Carmen Barahona that their children were trying to poison him and Carmen Barahona was complicit in taping the hands of N.B and V.B and putting them in the bathtub to sleep, then the medical records of Jorge Barahona would explain her actions.

(Record references omitted).

Ms. Barahona also argues in her response—persuasively and correctly—that HIPAA's privacy rule and counterpart Florida laws[6] do not preclude the production of otherwise-private personal medical records when a judicial officer orders them to be produced. Ms. Barahona does not, however, address the strong, and in this case controlling, protection afforded to personal medical records by the

---

[6] §§ 395.3025(4) and 456.057, Fla. Stat. (2014).

right to privacy in Article I, section 23, of the Florida Constitution, and the physician-patient privilege codified in section 456.057, Florida Statutes (2014). A patient's constitutional right to the privacy of such records must yield to a duly issued subpoena in a criminal prosecution "when there is a clear connection between illegal activity and the person whose privacy has allegedly been invaded." State v. Johnson, 814 So. 2d 390, 393 (Fla. 2002). In the present case, however, there is no such "clear connection." Here, as in Tyson v. State, 114 So. 3d 443 (Fla. 5th DCA 2013), the movant has not met its burden to demonstrate the relevancy of the records requested. Ms. Barahona has not alleged, much less demonstrated, how any of Mr. Barahona's hospital records would relate to the separate case against her (as opposed to the case against Mr. Barahona) and her prospective defenses. To this point, Carmen Barahona has not asserted that she had any knowledge—whether from her husband, the child victims, or otherwise— that Jorge Barahona was claiming that the children were poisoning him, at any time before or during the incidents detailed in the indictment.

The order compelling disclosure of the petitioner's personal medical records under these circumstances constitutes a departure from the essential requirements of the law that would cause irreparable harm for which Jorge Barahona has no adequate remedy on appeal. Id. at 445 (citing Ireland v. Francis, 945 So. 2d 524 (Fla. 2d DCA 2006)).

6

Petition granted; order quashed.