546 So.2d 766 (1989)
Karen S. CANTOR, Petitioner,
v.
TOYOTA MOTOR SALES, USA, INC., et al., Respondents.
No. 89-339.
District Court of Appeal of Florida, Fifth District.
July 13, 1989.
Jack B. Nichols, Orlando, for petitioner.
Sharon Lee Stedman of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, P.A., Orlando, for respondents Toyota Motor Corp., Toyota Motor Co., Ltd., Toyota Motor Sales Co., Ltd., Toyota Motor Sales, U.S.A., Inc. and Southeast Toyota Distributors, Inc.
Kevin H. O'Neill of Foley & Lardner & Hill, Tampa, for respondent Yokohama.
ORFINGER, Judge.
Karen Cantor, a plaintiff in a tort action seeking only property damage, petitions for certiorari review of a discovery order[1] compelling production of information allegedly protected by the psychotherapist-patient privilege.[2]
Karen Cantor and her husband, Kenneth, are owners of a Toyota automobile that was involved in a single car accident while driven by their daughter, Ilyse Cantor. The parents and the daughter have filed an action against the respondents, the corporations responsible for manufacturing, distributing and marketing the automobile, alleging negligence and strict liability for the defective design of the car.
*767 The daughter seeks damages for pain and suffering, physical handicap, loss of ability to earn money, mental anguish, scarring, disfigurement, and future medical expenses and treatment. Because the daughter seeks damages for mental anguish, she has placed her emotional or mental condition in issue. The parents, who were not involved in nor injured in the accident, seek recovery as co-owners of the automobile for the damage to the automobile and the loss of use of said automobile during the period required for its repair or replacement.
Both the mother, Karen, and the daughter, Ilyse, have been treated by psychologist Rhonda Weinstock, Ph.D. The mother and daughter both visited the psychologist before the accident, and the daughter received treatment from the psychologist after the accident for post-traumatic stress. On August 24, 1988, this psychologist was served with a subpoena duces tecum which sought the production of all records pertaining to the treatment rendered to Ilyse Cantor, all records where Ilyse Cantor is mentioned, and all records regarding Ilyse Cantor's parents, Kenneth and Karen Cantor. The parents filed a motion to quash and a motion for protective order in order to keep the psychologist's records concerning the mother's treatment confidential. The trial court denied the motion and ordered the psychologist to produce the records concerning the mother's treatment for an in camera inspection. The parents then filed a petition for writ of certiorari with this court, which was denied without prejudice to seek certiorari review of the ultimate ruling of the lower court after the in camera inspection. The trial court, after in camera inspection, found that because of the poor notes made by the psychologist it could not be ascertained in many instances whether the notes referred to the mother or the mother's comments about the daughter. Because the trial court found that the notes contained some relevant information concerning the daughter's mental condition, the court ordered the production of these records.
The production of the psychologist's notes pertaining to the daughter's treatment is not in issue here. At issue is whether the trial court departed from the essential requirements of law in compelling the production of the psychologist's records concerning the mother's treatment. Respondents contend that since the mother referred to her daughter's problems while communicating with the psychologist, the records concerning the mother's treatment are relevant to the issue concerning the daughter's mental condition before the accident.
Florida recognizes that communications between a patient and a psychotherapist are generally privileged and may not be disclosed without the patient's consent. § 90.503, Fla. Stat. (1987). The statutory privilege does not apply if a patient in an action relies on her mental or emotional condition as an element of her claim or defense. See § 90.503(4)(c); Arzola v. Reigosa, 534 So.2d 883 (Fla. 3d DCA 1988). In the instant case, the mother as a plaintiff is seeking damages relating to her ownership of the automobile and has not placed her own mental or emotional condition in issue.
The burden rests on the parties seeking to depose a psychiatrist or psychologist to show that the patient's mental condition has been introduced as an issue in the case. See Yoho v. Lindsley, 248 So.2d 187 (Fla. 4th DCA 1971). No showing has been made that the mother's mental condition is in issue here, so there has been no waiver of the privilege. This is so even though her daughter as a plaintiff in the same action has waived her privilege. Although the respondents understandably would desire to have in their possession the mother's thoughts and feelings about her daughter, that information is protected by the statutory privilege, because they belong to the mother, not the daughter. The privilege is based on the recognition that a patient of a psychologist is expected to "bare his or her soul" and reveal matters of a private nature in order to receive help, but will not do so if the psychologist can be compelled to reveal these innermost thoughts and confidences on the witness stand. See Yoho v. Lindsley, 248 So.2d at *768 190. Whatever thoughts or feelings the mother has about her daughter, the mother's mental processes are not in issue here. Any statements or revelations the mother has made to her psychologist in the course of her own treatment are protected by the statutory privilege.
We GRANT the petition and QUASH the order.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Orders granting discovery have traditionally been reviewed by certiorari because appeal after final judgment is an inadequate remedy if discovery has been wrongfully granted. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987) and cases cited therein.
[2] See section 90.503, Florida Statutes (1987).