657 So.2d 1221 (1995)
Judith O. NELSON and Daniel H. Nelson, Petitioners,
v.
Wendy W. WOMBLE and Russell G. Womble, Respondents.
No. 95-964.
District Court of Appeal of Florida, Fifth District.
June 30, 1995.
Rehearing Denied July 26, 1995.
John Ward Smith of Roth, Edwards & Smith, P.A., Orlando, for petitioners.
W. Marvin Hardy and Steven H. Preston of Gurney & Handley, P.A., Orlando, for respondents.
*1222 DAUKSCH, Judge.
This case is before the court to review by certiorari the denial of the discovery of psychological records.
Petitioners are the defendants in a personal injury action and respondents are the plaintiffs. Plaintiffs claim that Wendy Womble was injured by defendants and that she suffered "mental anguish ... [and] loss of capacity for the enjoyment of life." Russell Womble was alleged to have suffered a loss of Wendy's "comfort, society and attentions, and loss of intimate relations;" which is a claim for a loss of consortium.
After the alleged injuries both plaintiffs sought mental health counseling. The defendants want to see the notes and records regarding the counseling. Because both plaintiffs are seeking compensation from the defendants for the alleged infliction of mental anguish, etc., and the loss of consortium, Wendy's mental and emotional condition is at issue in the case. The counseling she received and the joint counseling she and her husband received could be relevant to the case. The records are discoverable by the defendants.
Although section 90.503, Florida Statutes (1993), establishes a psychotherapist-patient privilege, section 90.503(4)(c), Florida Statutes (1993) limits the privilege.
90.503 Psychotherapist-patient privilege. 
* * * * * *
(4) There is no privilege under this section.
* * * * * *
(c) For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of his claim or defense.[1]
Professor Ehrhardt recently explained why the statute was enacted:
If a patient places in issue his or her mental or emotional condition as an element in his or her claim or defense, it would be inimical to the interests of justice to deny the adverse party an opportunity to introduce relevant evidence concerning that mental or emotional condition.
Charles Ehrhardt, Florida Evidence § 501.1 (1995 ed).
In Scheff v. Mayo, 645 So.2d 181, 182 (Fla. 3d DCA 1994), it was held:
A plaintiff who seeks mental anguish damages arising out of a motor vehicle accident has "made his post-accident mental or emotional condition an element of his negligence claim" and cannot invoke the psychotherapist-patient privilege. Arzola v. Reigosa, 534 So.2d 883 (Fla. 3d DCA 1988). The respondent is not entitled to invoke the psychotherapist-patient privilege because she has placed her mental condition at issue. See Arzola v. Reigosa, 534 So.2d at 883; Yoho v. Lindsley, 248 So.2d 187 (Fla. 4th DCA 1971).
See also Sykes v. St. Andrews School, 619 So.2d 467, 469 (Fla. 4th DCA 1993) where it was held:
One purpose of the waiver or exclusionary portions of the rule and the statute is to prevent a party from using the privilege as both a sword and a shield, that is, seeking to recover for damage to the emotions on the one hand while hiding behind the privilege on the other. It is beyond question that petitioner initially intended to put her mental condition in issue and to recover damages for her own emotional stress. She subsequently abandoned that attempt. Thus, her mental condition is no longer in issue except as respondents intend to make it so in furtherance of their own litigation strategy. Petitioner has dropped the sword.
*1223 Because Russell Womble seeks in excess of $15,000 for his loss of consortium due to the fault of petitioners and because the post-injury counseling was sought to help with his losses, it is clear that the notes and records regarding the counseling could be relevant to an issue in the case. They are discoverable.
The orders denying discovery are quashed.
WRIT GRANTED; ORDERS QUASHED; REMANDED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] When a party asserts that information is privileged, he is the one who has the burden of establishing the existence of each element of the privilege. Southern Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1383 (Fla. 1994). The Wombles did so. Once that is done, it is the other party's burden to show that one of the statutory exceptions applies. Palm Beach County School Bd. v. Morrison, 621 So.2d 464 (Fla. 4th DCA 1993); Cantor v. Toyota Motor Sales, USA, Inc., 546 So.2d 766 (Fla. 5th DCA 1989). The Nelsons also did so.