FRANK, Judge.
This case stems from a motion filed by the Department of Health and Rehabilitative Services on behalf of Connie Bergman seeking the adjudication of the former husband, William Koons, in contempt for his failure to satisfy a child support obligation.
In the course of the proceeding before the trial court, Koons challenged Bergman’s standing to pursue the contempt action based upon the notion that the children were emancipated and it was they who possessed a vested right to the arrearage, not Bergman. The court implicitly accepted Koons’ position and withheld reducing the child support ar-rearage to a judgment. In furtherance of its *1308 perception of the law, the trial court directed Bergman to notify the emancipated children that the court would entertain their motion to reduce the arrearage to a judgment. Thus, the trial court necessarily determined that Bergman had no standing to enforce through the court’s contempt powers payment of the arrearage. The trial court’s error is graphically demonstrated in the following excerpt from Gibson v. Bennett, 561 So.2d 565, 572 (Fla.1990):
Today, support-dependent parents and the courts often experience great difficulty obtaining compliance with support orders while a child is a minor even though the remedy of contempt is available. If the courts lack the power to enforce child support orders through contempt proceedings after the child reaches majority, a nonpaying parent may escape his or her support obligation entirely, especially a parent with little or no property subject to attachment in an action at law. If a parent dependent on support is left with the less effective civil action, the nonpaying parent may be encouraged to hide assets or purposefully elude the court until the child attains age eighteen, preferring the civil action on a debt rather than a contempt proceeding. As this Court has previously stated, we have no desire to make this state a haven for those who wish to avoid their support obligations, [citation omitted] Accordingly, we hold that a judgment for support arrearages is enforceable by contempt proceedings after a child has reached the age of majority. In our view, emancipation does not extinguish a support-obligated parent’s responsibility to pay the past due support.
Accordingly, we vacate the trial court’s order, reverse and remand for further proceedings consistent with this opinion.
RYDER, A.C.J., and CAMPBELL, J., concur.