746 So.2d 1134 (1999)
Donald E. COLBERT, Jr., M.D., etc., Petitioner,
v.
C. John ROLLS and Mary J. Rolls, Respondent.
No. 99-1974.
District Court of Appeal of Florida, Fifth District.
October 22, 1999.
*1135 Jennifer S. Carroll of Law Offices of Jennifer S. Carroll, P.A., West Palm Beach, for Petitioner.
Donald L. Gattis, Jr., of Gattis, Hallowes & Carpenter, P.A., Orlando, for Respondent.
PER CURIAM.
Petitioner, Dr. Donald E. Colbert, Jr., M.D., seeks certiorari review of the trial court's order compelling discovery in a medical malpractice action filed by respondent, C. John Rolls. We deny the petition.
The complaint seeking damages for medical malpractice alleges that Dr. Colbert was negligent in not ordering an EKG after Mr. Rolls complained of burning epigastric pain and extreme heartburn. According to Mr. Rolls, Dr. Colbert visited him at the hospital after his heart attack and asked for forgiveness for not having ordered an EKG. Mr. Rolls also asserts that during the hospital visit Dr. Colbert asked him whether he had an out-of-body experience. Mr. Rolls also maintains that Dr. Colbert told him that he was guided by spiritual feelings and that if the "Spirit" had told him to do an EKG he would have done it. At deposition Dr. Colbert denied making those statements and testified that he told Mr. Rolls that he did not do an EKG because there was no chest pain, and that he was sorry. He also testified that he prayed with Mr. Rolls before he left.
At his deposition, Dr. Colbert was asked about his involvement with Benny Hinn Ministries. Dr. Colbert's attorney objected to the extensive line of questioning in this area and instructed the doctor not to answer any further questions of this nature. Mr. Rolls then moved to compel discovery so this line of questioning could be completed, and Dr. Colbert filed a motion for protective order. After considering the parties' argument, the trial court granted Mr. Rolls' motion to compel and denied Dr. Colbert's motion for protective order. The court ruled that Mr. Rolls could ask questions of Dr. Colbert pertaining to his religious beliefs and practices which may have affected his decisions in the practice of medicine as it relates to Mr. Rolls.
In support of this petition, Dr. Colbert argues that in a civil lawsuit an individual should not be forced to disclose his personal religious beliefs and practices, claiming that such disclosure would violate a fundamental privacy right. Dr. Colbert cites section 90.611, Florida Statutes (1997), which states that "[e]vidence of the beliefs or opinions of a witness on matters of religion is inadmissible to show that the witness's credibility is impaired or enhanced thereby." Dr. Colbert is correct in his assertion that section 90.611, Florida Statutes (1997), excludes from evidence the religious beliefs of a witness when such evidence is offered to either enhance or impeach the witness's credibility. However, this statute does not bar inquiry into religious matters when such matters are relevant to the issues in a case.
In this case, the primary issue is one of relevancy, not privacy, and appellate courts in certiorari proceedings are reluctant to review relevancy issues by certiorari. Cf. Liberty Mutual Insurance Co. v. Lease America, Inc., 735 So.2d 560 (Fla. 4th DCA 1999) (holding that production of irrelevant material does not rise to the level of irreparable harm for which certiorari would lie as a remedy). Based on Mr. Rolls' recollection of Dr. Colbert's hospital visit, the trial court did not depart from the essential requirements of law in concluding that the discovery at issue may lead to the disclosure of relevant evidence. *1136 The discovery seeks to determine whether Dr. Colbert's religious beliefs influenced his medical treatment of Mr. Rolls or contributed to any alleged negligence.
Furthermore, we note that the privacy argument was not raised until after Dr. Colbert testified at deposition extensively about his involvement with Benny Hinn Ministries and his feelings about the evangelist. The "cat is already out of the bag" with regard to this issue, so even if Dr. Colbert's argument possessed merit there would be no compelling reason to exercise certiorari jurisdiction at this point. The petition for writ of certiorari is therefore denied.
PETITION DENIED.
ANTOON, C.J., DAUKSCH and THOMPSON, JJ., concur.