943 So.2d 300 (2006)
Robert BLADES, Petitioner,
v.
STATE of Florida, DEPARTMENT OF REVENUE, o/b/o Diana STEWART, Respondent.
No. 3D05-1071.
District Court of Appeal of Florida, Third District.
December 6, 2006.
Ronald H. Kauffman, for petitioner.
*301 Charles J. Crist, Jr., Attorney General, and Toni C. Bernstein, Assistant Attorney General, for respondent.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
In 1997, the Department of Revenue, Office of Child Support Enforcement, on behalf of Diana Stewart ("Department"), filed a Complaint to Determine Paternity and Award Child Support, alleging that Robert Blades was Stewart's minor child's father. In 1998, Blades and the mother entered into an agreed order in which Blades acknowledged paternity. In that order, the trial court reserved jurisdiction to determine the issue of retroactive child support; ordered the father to pay $39.96 per week in temporary child support and $1,038.96 in retroactive child support; ordered the father to provide the Department's counsel with certain financial information; and retained "jurisdiction to go behind this temporary order to set permanent child support based upon the [father's] actual income."
To make a long story short, between the entry of the 1998 order and January 30, 2004, the Department and the father appeared before the trial court on numerous occasions. During this six-year period, the father failed to produce his complete financial records, thereby hindering the trial court's effort to impose a permanent child support order and a finding as to the father's obligation to pay additional retroactive child support.[1]
On January 30, 2004, a child support hearing officer filed a Recommended Order finding the father in contempt for failing to comply with Family Law Rule 12.285, which deals with the disclosure and production of financial documents, and ordered the father to produce, within ten days, several years of tax returns and evidence of earnings for 2003. The hearing officer did not recommend any sanctions, but provided that if the father failed "to provide 12.285 discovery, the Court may impose sanctions against the [father] and his attorney." The Recommended Order was ratified by Judge Arthur H. Taylor on February 2, 2004.
Instead of producing the requested documents, the father once again attempted to avoid his child support obligations by filing a Motion to Vacate the trial court's order ratifying the hearing officer's Recommended Order. In part, the father argued that, because the child was emancipated and the Department's action was not an enforcement action,[2] the Department, on *302 behalf of the mother, lacked standing to pursue this action. On April 6, 2005, Judge Philip Cook denied the father's Motion to Vacate, ordering the father to "furnish all required tax returns and evidence of earnings pursuant to prior Court Order within fifteen (15) days from the date of this order."
The father appeals the trial court's non-final order denying his motion to vacate an order which, in essence, found the father in contempt and ordered him to produce discovery or be subject to possible sanctions. The order in question is a non-final, non-appealable order.[3]See Fla. R.App. P. 9.130(a)(3); Gleicher v. Claims Verification Inc., 908 So.2d 560 (Fla. 4th DCA 2005)(holding that discovery order is a non-final, non-appealable order); Stewart v. Mussoline, 487 So.2d 96, 97 n. * (Fla. 3d DCA 1986)("We have jurisdiction to review this action by certiorari under Fla. R.App. P. 9.030(b)(2)(A), and reject respondent's assertion that rule 9.130 authorizes an interlocutory appeal from the order holding Stewart in civil contempt for failing to comply with a discovery order."). However, "Florida Rule of Appellate Procedure 9.030(b)(2)(A) provides that the district courts of appeal have jurisdiction to issue writs of certiorari to review non-final orders not appealable under rule 9.130, Florida Rules of Appellate Procedure." Transmark, USA, Inc. v. State, Dep't of Ins., 631 So.2d 1112, 1115 (Fla. 1st DCA 1994). Thus, we treat the husband's non-final appeal as a petition for writ of certiorari.
To obtain certiorari relief, the "party must establish `(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.'" Morton & Oxley, Ltd., 916 So.2d at 822 (quoting Bd. of Regents v. Snyder, 826 So.2d 382, 387 (Fla. 2d DCA 2002)). The unfortunate circumstance faced by the trial court was addressed by the Florida Supreme Court in Gibson v. Bennett, 561 So.2d 565, 572 (Fla. 1990), in which it held:
Today, support-dependent parents and the courts often experience great difficulty obtaining compliance with support orders while a child is a minor even though the remedy of contempt is available. If the courts lack the power to enforce child support orders through contempt proceedings after the child reaches majority, a nonpaying parent may escape his or her support obligation entirely, especially a parent with little or no property subject to attachment in an action at law. If a parent dependent on support is left with the less effective civil action, the nonpaying parent may be encouraged to hide assets or purposefully elude the court until the child attains age eighteen, preferring the civil action on a debt rather than a contempt proceeding. As this Court has previously stated, we have no desire to make this state a haven for those who wish to *303 avoid their support obligations. Accordingly, we hold that a judgment for support arrearages is enforceable by contempt proceedings after a child has reached the age of majority. In our view, emancipation does not extinguish a support-obligated parent's responsibility to pay the past due support.
Gibson, 561 So.2d at 565 (citation omitted); see State Dep't of Revenue v. Koons, 662 So.2d 1307, 1308 (Fla. 2d DCA 1995)(holding that mother had standing to "enforce through the court's contempt powers payment of arrearages" even though children were emancipated). Thus, as the Department, on behalf of the mother, has standing to pursue its action against the father even though the child is emancipated, we conclude that the trial court did not depart from the essential requirements of the law by denying the father's motion to vacate, and therefore, we deny the petition for writ of certiorari.
Petition denied.
NOTES
[1] For example, in November 1999, due to the lack of the father's financial records, the trial court imputed income to the father, who the trial court noted was a "record producer," in the amount of $2,500 per month and ordered him to pay temporary child support in the amount of $105.76 per week. In addition, the trial court continued the matter "for a determination of permanent support" to allow the father to provide the ordered financial documents. Moreover, at a hearing before the trial court in June 2002, the trial court found that the minor child, who was born in April 1984, was emancipated as of April 10, 2002, and abated child support as of that date. At that hearing, like at previous hearings, the trial court continued the matter to set permanent child support.
[2] The father's assertion that this was not an enforcement action defies logic. The Department, on behalf of Diana Stewart, has been attempting to obtain information regarding the father since 1988. The father has continuously stonewalled the Department and the trial court, thereby hindering the trial court's continuous efforts to order permanent child support, as opposed to temporary child support. Most likely, the father would not have taken this course of action if he believed that he was obligated to pay less than $105.76 per week, as ordered by the trial court in November 1999. Moreover, instead of immediately producing the financial documents and meeting his financial obligation to his child, he has opted to litigate this matter for eight years, during which period he was represented by counsel.
[3] The Department argues that the order under review is a non-final, non-appealable order as the father's motion to vacate was premised on the Department's and mother's lack of standing. See Morton & Oxley, Ltd. v. Charles S. Eby, M.D., P.A., 916 So.2d 820, 821 (Fla. 2d DCA 2005)(holding that "denial of a motion to dismiss . . . for lack of standing is not listed as an appealable nonfinal order in rule 9.130(a)"); Supal v. Pelot, 469 So.2d 949 (Fla. 5th DCA 1985)(recognizing that an order denying a motion to dismiss for lack of standing is a non-final, non-appealable order).