# Third District Court of Appeal

## State of Florida

Opinion filed April 01, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-176
Lower Tribunal No. 08-55741
_____


**Briarwood Capital, LLC, et al.,**
Appellants,

vs.

**Lennar Corporation, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, John W. Thornton, Judge.

Rodney L Salvati (Venice), for appellants.

Bilzin Sumberg Baena Price & Axelrod LLP, and David M. Gersten and Lori P. Bustrin; O'Melveny & Myers LLP, and Daniel Petrocelli and David Marroso (Los Angeles, California), for appellees.


Before SUAREZ, ROTHENBERG, and LAGOA, JJ.

ROTHENBERG, J.

Briarwood Capital, LLC ("Briarwood") and Nicolas Marsch III ("Marsch") (collectively, "the appellants") appeal the final judgment in favor of the plaintiffs, Lennar Corporation and Lennar Homes of Florida, Inc. (collectively, "Lennar") as well as several pre-trial orders entered by the trial court, including: an order granting sanctions against Marsch; an order entering a default judgment as to liability against Marsch[1]; the trial court's denial of Marsch's pro se motions to continue a hearing and the trial date; and a second order granting sanctions against the appellants precluding them from contesting damages. Because the record clearly supports the trial court's pre-trial rulings and the entry of the final judgment in favor of Lennar, we affirm.

The record and case law demonstrate that the trial court did not abuse its discretion by entering a default against Marsch due to his numerous willful discovery violations, which included the deletion of relevant emails, the concealment of material witnesses, lying during depositions, providing false testimony before the trial court, and much more. See Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983) (finding that although "the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances[,] [a] deliberate and contumacious disregard of the court's authority will justify

---

[1] Briarwood stipulated to the entry of a default as to liability after the trial court entered a default judgment against Marsch as to liability.

application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness." (citations omitted)); Metro. Dade Cnty. v. Martinsen, 736 So. 2d 794, 795 (Fla. 3d DCA 1999) (finding that a party who engages in serious misconduct forfeits the right to participate in the proceedings, including the right to defend against an opposing party's claims). We reach the same conclusion regarding the trial court's subsequent order precluding the appellants from presenting evidence or contesting Lennar's evidence at the damages trial as a sanction for Marsch's "staunch refusal" to follow the trial court's orders after the defaults as to liability were entered against the appellants.

We decline to address the remaining issues raised by the appellants as they do not merit discussion. Accordingly, we affirm the pre-trial orders under appeal and the final judgment entered in favor of Lennar.

Affirmed.