# Third District Court of Appeal

## State of Florida

Opinion filed August 9, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2158
Lower Tribunal No. 08-21167
_____

## Mario Pataro,
Appellant,

vs.

## Ellen Pataro,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Crabtree & Auslander, and John G. Crabtree, Charles M. Auslander, and Brian C. Tackenberg; Lisa A. Baird, for appellant.

Broad and Cassel LLP, and Mark F. Raymond, Kimberly J. Freedman, and Christopher C. Cavallo, for appellee.

Before LOGUE, SCALES, and LINDSEY, JJ.

LOGUE, J.

Mario Pataro, the former husband in the proceedings below, appeals a trial court order that (1) granted the motion of Ellen Pataro, his former wife, for discovery sanctions and (2) granted the former wife's motion to set aside a final judgment and a related marital settlement agreement. For the reason explained below, we decline to review the part of the order granting the discovery sanctions and we reverse the part of the order setting aside the final judgment and the related marital settlement agreement.

In 2010, the parties ended their twenty-year marriage by a marriage settlement agreement which was adopted into a final judgment of dissolution. Two years later, the former wife moved to set aside the final judgment and the associated settlement agreement under Florida Rule of Civil Procedure 1.540, alleging they were procured by fraud. That motion was never set for hearing as the parties pursued discovery. In February 2015, the former wife moved to compel and for sanctions based upon the former husband's bad faith failure to provide discovery.

The trial court conducted an evidentiary hearing on the motion to compel and for sanctions. The hearing took place over three days during a nine month period. On the first day, November 12, 2015, the former husband was represented by counsel. On the second day of the hearing, July 12, 2016, however, the former husband did not have counsel. On July 11, 2016, the former husband's counsel

2

withdrew in response to a letter from opposing counsel giving him notice of the former wife's claim for sanctions under section 57.105, Florida Statutes (2015). At the beginning of the second day of the hearing, the former husband moved for a continuance to allow him to obtain new counsel, which the trial court denied. On the third day of the hearing, August 19, 2016, the former husband was still not represented because, he stated, the counsel he had hired withdrew just prior to the hearing based on a conflict.

In the course of the evidentiary hearing, the former husband admitted he had failed to obey orders to produce material documents in his possession and lied three times in sworn materials filed in court. In explaining his conduct, the former husband indicated he believed he was not required to produce information that would "incriminate" him. Only after being confronted by his landlord's sworn testimony did the former husband admit that he previously lied about living rent-free. Even then, he claimed he did so only because he was paying his landlord under the table in order to help his landlord avoid declaring the rent as income: "I am responsible, I did it, I never thought it would come out because it was a deal between friends. Unfortunately, many people don't respect friendship, that's it." More unfortunately, perhaps, it appears some people do not understand the serious nature of providing false testimony under oath until they face the consequences.

The trial court found the former husband had disobeyed discovery orders, failed to produce relevant documents within his possession, and committed fraud upon the court by filing false statements under oath. The trial court also found the former husband had obtain perjured testimony from a girlfriend to support his false responses.

In part of the order under appeal, the trial court entered various sanctions against the former husband including establishing the former wife's entitlement to attorney's fees in an amount to be set later; prohibiting the husband from presenting evidence regarding the calculation of damages and equitable distribution; directing the former husband to file verified financial statements attaching his 2014 and 2015 tax returns; and ordering that a forensic computer expert will be appointed to review the former husband's computers and electronic devices for emails identified to be produced in a prior order.

Based primarily on the trial judge's refusal to continue the hearing on the motion for discovery sanctions, the former husband seeks review of the sanctions imposed by this part of the non-final order contending they constitute "injunctions" subject to review under Florida Rule of Appellate Procedure 9.130(a)(3)(B). We reject this argument. The entry of these types of discovery sanctions in this particular record do not qualify as injunctions subject to interlocutory review under the Rule.[1]  For this reason, we lack jurisdiction to review these discovery sanctions

in an appeal under Rule 9.130. <u>Blades v. Dep't of Revenue ex rel. Stewart</u>, 943 So. 2d 300, 302 (Fla. 3d DCA 2006) (holding a discovery order threatening sanctions was "a non-final, non-appealable order"). Nor do we have jurisdiction to review these sanctions under a petition for certiorari: the former husband has not established irreparable harm that cannot be corrected on postjudgment appeal. <u>Damsky v. Univ. of Miami</u>, 152 So. 3d 789, 792 (Fla. 3d DCA 2014) ("Unless the petitioner establishes irreparable harm, the court must dismiss the petition for lack of jurisdiction.").[2]

In another part of the order under appeal, however, the trial court granted the former wife's Rule 1.540 motion to set aside the final judgment of dissolution and the marital settlement agreement. We have jurisdiction to review this part of the nonfinal order. <u>See</u> Fla. R. App. P. 9.130(a)(3)(C)(iii)(c) (providing for interlocutory review of nonfinal order determining that "a marital agreement is invalid in its entirety"); Fla. R. App. P. 9.130(a)(5) (providing for interlocutory review of orders "entered on an authorized and timely motion for relief from judgment").

---

1 The trial court also ordered the former husband to surrender his passport, but the former husband does not challenge that part of the order in this appeal.

2 The provision of the sanction order prohibiting the husband from presenting evidence regarding the calculation of damages and equitable distribution is mooted by the later holding in this opinion quashing the order that set aside both the final judgment and the marital agreement.

We hold that the trial court erred by ruling on the motion to set aside the final judgment and marital settlement agreement when the motion was never set for hearing. The former husband was entitled to notice of the motion being addressed at the evidentiary hearing—particularly at a time when his prior counsel withdrew and he was seeking, but was without, counsel.

Contrary to the former wife's argument, the former husband was not on notice at the hearing on the motion for discovery sanctions that he had to present evidence to address the motion to set aside. The mere fact that the motion to set aside had been pending for years is not notice that the motion would be heard at a hearing on the motion for sanctions. The motions are not so similar that notice regarding one motion constituted notice for the other. While there might be some overlap, the motion for sanctions primarily concerned the former husband's conduct after entry of the final judgment of dissolution while the motion to set aside the final judgment primarily concerned conduct before entry of the final judgment. The motion to set aside the marital agreement, although subject to some presumptions, also turns on "the adequacy of the challenging spouse's knowledge at the time of the agreement and whether the challenging spouse is prejudiced by the lack of information." Hall v. Hall, 171 So. 3d 817, 822 (Fla. 3d DCA 2015). We could find no evidence or argument in the record and no point in the trial court's otherwise lengthy and detailed order where this issue was addressed.

6

The former wife also contends that the setting aside of the final judgment and marital settlement agreement should itself be upheld as a sanction for the former husband's conduct. We reject the former wife's argument in this regard because it is not clear that the trial judge so intended. We are reluctant to attribute this rationale to the trial judge's ruling where, as here, the former wife was unable to provide a single case supporting the argument that a final judgment and marital settlement agreement can be set aside purely as a sanction.

Accordingly, given the particular circumstances of this case and the arguments presented to us, we reverse the part of the order under review which grants the former wife's motion to set aside the final judgment and marital settlement agreement. This reversal is without prejudice to the motion being reheard when, and if, properly noticed. Finally, we acknowledge that discovery violations, where appropriate, may well form the basis for adverse inferences. Moreover, in extreme cases, discovery violations may justify restrictions on a party's ability to submit evidence on points where the party's improper conduct frustrated the opposing party's ability to present her case. See Briarwood Capital, LLC v. Lennar Corp., 160 So. 3d 544, 546 (Fla. 3d DCA 2015).

Reversed in part and remanded.